CITY OF OSCEOLA, Appellee, v. GJELLEFALD CONSTRUCTION COM-
PANY, Defendant, Appellant; AETNA CASUALTY &
SURETY COMPANY, Defendant.

No. 43060.

OCTOBER 23, 1935.

Thomas & Loth, for appellant and for Aetna Casualty & Surety Co.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellee.

DONEGAN, J.—In the fall of 1933 the city of Osceola entered into a contract with the defendant, Gjellefald Construction Company, whereby the construction company undertook to build a dam, filter, spillway, and reservoir for the waterworks system of said city according to certain plans and specifications which were made a part of the contract. The work was apparently completed and the city took possession of it and proceeded to use it. In February, 1935, the city commenced an action against the construction company and also against Aetna Casualty & Surety Company, the surety on the construction company's bond, for damages alleged to have been suffered by the city because of the failure of the construction company to perform its contract. To the petition filed by the plaintiff city the construction company filed a motion to strike certain statements of the petition, and, subject to the ruling on this part of the motion, to make the petition more specific. Upon hearing, the trial court overruled the part of the motion asking that parts of the petition be stricken, and also overruled the part of the motion asking that the petition be made more specific, but ordered the plaintiff to amend its petition and set out an itemized statement of the repairs which it claimed it had made and the costs thereof. From this ruling of the trial court, the defendant construction company appealed.

A motion of the appellee to dismiss the appeal, on the ground that the ruling from which the appeal is taken is not an appealable order, was submitted and overruled prior to the submission of the case, and we, therefore, do not consider such motion in this opinion.

▮▮▮ Appellee also claims, as one of the grounds why the ruling of the trial court should be affirmed, that the defendant Aetna Casualty & Surety Company did not join in the appeal and no sufficient notice was served on it as required by Code section 12834. The basis of this claim is that the firm of Thomas & Loth were attorneys for both defendants; that the notice of appeal was signed by this firm as attorneys for the

defendant construction company and was accepted by this same firm as attorneys for the defendant Aetna Casualty & Surety Company. The statute in regard to service of notice of appeal, section 12837, Code 1931, provides that,

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and by filing said notice with return of service indorsed thereon or attached thereto with the clerk of the court wherein the proceedings were had."

We think the record clearly shows that notice of appeal was served upon the Aetna Casualty & Surety Company by service upon the attorneys who appeared for it in the lower court, that it was properly addressed and service accepted by these attorneys, and that it was filed with the clerk of the trial court, as required by the statute. We find no basis for dismissing the appeal on the grounds contended for by appellee.

The portion of the petition alleging a breach of the contract and bond is as follows:

"That the dam and spillway were not properly settled, tamped and made water tight, and they were so built that they settled, dropped away from the cement facings thereon, leaked, and are in danger of being washed out. That they were not properly covered and faced with cement. That the cement used was not of sufficient thickness, richness or construction so that it would hold water or to keep said cement in place and that water leaked through the same and was about to wash out the said dam and spillway.

"That plaintiff was compelled to repair said dam and spillway at a large expense to keep the same from washing out and losing all of said work and the water which it has saved.

"That the cement broke and settled and had to be repaired, that a large part of it is covered with water and it will be necessary to put in a retaining wall to hold back the water until the dam and spillway can be repaired. That the cost and expense of the retaining wall will be large. That the intake constructed by the defendant Gjellefald Construction Company was not properly constructed. That it was not made of sufficient and proper material. That the work done thereon was

not done in a workman-like manner. That the same leaks and that it will cost a large sum to repair, fix and rebuild it.

"That the work done on the dam, spillway and the facing thereof and the covering thereon was not done in a workman-like manner and was not made of proper material, and that it will cost a large sum to renew, repair and replace these things."

The appellant in its motion asked that these statements be stricken as conclusions, and, alternately, that the appellee be required to make them more definite and specific in the manner pointed out in the motion. That these statements, as they appear in the petition itself, are conclusions and not statements of fact is quite apparent. In fact, the trial court so stated in his ruling, but held that the exhibits which accompanied the petition and were made a part thereof supplied a sufficient statement of facts to remedy any deficiency in this regard in the petition itself. Aside from requiring the appellee to amend and set out a more specific statement as to the amount and items of damage claimed for repairs that had already been made, the trial court held that the petition sufficiently stated in a general way that the bond had been breached by the use of improper material and by unworkmanlike construction, and that, as the appellant company must know what kind of material it used in the construction of the dam and the manner in which the work was done, these matters were peculiarly within the knowledge of the appellant, and no more specific statement thereof was required.

■■■ Under our system of pleading, section 11111, subd. 3, Code 1931, a pleading must plead ultimate facts.

"* * * a pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusion based upon those facts." Townsend v. Armstrong, 220 Iowa 396, 398, 260 N. W. 17, 18; Taylor County Farm Bureau v. Board, 218 Iowa, 937, 252 N. W. 498.

In a suit on a bond, as is the case at bar, section 11217, Code 1931, provides that "the party suing thereon shall notice the conditions and allege the facts constituting the breaches

relied on.'' As stated in the Townsend and Taylor County Farm Bureau cases, if a petition states facts sufficient to constitute a cause of action, it may further state the conclusions to which such facts lead. The trial court, therefore, could properly have refused to strike the statements of the petition which were conclusions, if the petition contained a sufficient statement of facts, or, if the trial court required the plaintiff to amend and state sufficient facts to furnish a basis for such conclusions.

Appellant sets out fifteen alleged errors of the trial court in its ruling on appellant's motion. Six of these alleged errors have reference to the court's refusal to strike certain allegations of the petition as conclusions. The remaining nine allegations of error have reference to the court's action in overruling the portion of the motion asking for more specific statement. We deem it unnecessary to consider the allegations of error directed to the trial court's ruling in refusing to strike portions of the petition, and we shall confine our consideration to the allegations of error directed to the trial court's ruling in refusing to require the petition to be made more specific.

■■■ One of the grounds of the motion asked that the statements of the petition alleging that the dam and spillway were not made of proper material, that they were not properly settled, tamped, and made watertight, that they were not properly covered and faced with cement, that the intake was not properly constructed, that it was not made of sufficient and proper material, and that the work on the dam, spillway, and the facing thereof was not made of proper material, be required to be made more specific and to state wherein the material or method referred to was not in accord with the contract or specifications, and to state what specification or specifications had been violated. The specifications in this case by reference were made a part of the contract. In fact, there appears to be nothing in either the contract or bond in regard to the material to be used or the manner in which the work was to be done. These matters were quite fully covered by the specifications which comprised 61 typewritten pages. As we have already said, the statements of the petition which were asked to be made specific were on their face mere conclusions, and it was only because the trial court took the view that the specifications and bond supplied a sufficient statement of facts as a basis for

these conclusions, and that the appellant had knowledge of the material and workmanship complained of, that it overruled the motion for more specific statement. The work to be done under the contract covered the material and labor required in the construction of a dam, filter, spillway, and reservoir. Manifestly, these projects were of such magnitude and complexity that it is quite conceivable that, even if there was a failure on the part of the appellant to perform the contract in some respects as to either material or workmanship, such failure might have been due to the carelessness of workmen or subordinates and without any actual knowledge of the appellant or such of its officers or agents as were charged with the management or direction of the work. Even if there was no failure to comply with the contract, either as to workmanship or material, the appellant was still entitled to know, at least approximately, what part of the work and what material or workmanship it was claimed did not comply with the specifications, so that it might properly prepare for trial. The specifications, it is true, describe with considerable detail the kind and quality of materials required to be used and the work to be done on the different portions of the project, but they do not set out and there was nothing in the petition, or the exhibits attached thereto and made a part thereof, from which the appellant could determine with any degree of exactness at what place in the work or as to what particular part of the material or workmanship the appellee claimed there was a failure to comply with the contract. Under the record here presented, we are unable to see, and no reason has been suggested, why the appellant could be held responsible for any defects that might have appeared in the completed work if the material used and the work performed complied in every way with the specifications. If there was any breach of the contract and bond, it must have been because there was a failure to comply with the requirements of the specifications which were by reference made a part thereof. While the specifications show *what should have been done,* they contain no statement of facts as to *what appellee claims was not done,* and are utterly insufficient as a basis for the conclusions pleaded or to apprise the appellant as to what particular material or workmanship appellee claims did not comply with the specifications, or what particu-

lar part of the specifications the appellee claims were not complied with.

For the reasons already given, we think the court was also in error in overruling the grounds of appellant's motion which asked that the statement of the petition, in which it was alleged that the work was not done in good and workmanlike manner, that the cement was not of sufficient richness or thickness, that the dam and spillway settled and dropped away from the facing thereon, that water leaked through the cement, that the cement broke and settled and had to be repaired, were all statements as to which the appellant was entitled to have the petition made more specific, so that it might know with reasonable certainty where to look for the alleged defects in material or workmanship upon which plaintiff based its cause of action and what parts of the specifications appellee claimed were not complied with. It is true, of course, that the petition was not required to plead evidence. On the other hand, it was not sufficient to state mere conclusions such as were contained in this petition. Without requiring a detailed statement of each and every particular in which it claimed the contract was not complied with, the lower court should have obliged the plaintiff to make a sufficient statement of facts to support the conclusions stated in the petition, and from which the defendant would have had the information necessary to guide it in investigating the alleged defects of material or workmanship upon which plaintiff's cause of action was based.

Other grounds of appellant's motion asked that the plaintiff be required to show in its petition when the dam and spillway settled and dropped, and when the cement broke and settled, as claimed in the petition. Appellant urges in support of this ground of the motion that the city had accepted the work, and that, if the settling and breaking alleged in the petition occurred before the city's acceptance, one set of rules of evidence would apply, whereas, if the settling and breaking occurred after the city's acceptance, another and different set of rules would apply. We see no reason why the appellee should not have been required to comply with this portion of the motion by setting out as nearly as practical the date or dates when the cracking or settling occurred or were first discovered by appellee.

■■■ The petition alleged that the plaintiff had already

spent a large sum of money in repairs on the dam, spillway, intake, and outlet, and that large additional sums would have to be spent. The trial court, in its opinion overruling the motion, ordered that the appellee set out an itemized statement of the expenses which had been incurred in making such repairs. The appellee, in an amendment to the abstract, sets out an amendment to the petition which was filed in compliance with this ruling of the court, and argues that the matters contained in this amendment furnished all the information in regard to the defects in the material and workmanship which appellant was entitled to have in order to prepare its defense. An examination of this amendment to the petition, however, shows that it merely contains a statement of the names of the persons or firms to which payments are alleged to have been made by the appellee, and the amounts thus paid for material or work in connection with repairs which the appellee claims were made on parts of the work involved in the contract, and which it alleges were necessary. This amendment to the petition does not state at what places in the project the repairs were made, or the particular part or parts of the material or workmanship it was necessary to replace because of its failure to comply with the provisions of the specifications. So far as the purpose of the motion for more specific statement was concerned, we think that the matters set out in the amendment to petition in no way furnished the information which the motion called for.

In our opinion, the appellant's motion should have been sustained, to the extent of requiring the appellee to state wherein the material furnished or the workmanship employed failed to comply with the contract or specifications, and to set out or refer to the portion or part of the specifications which it claimed was violated; to state what part or parts of the work were not done in good and workmanlike manner, in what particular or particulars such work was not good and workmanlike, and what, if any, specifications were thus violated; to state what specifications in regard to the thickness and richness of the cement were violated; to state the fact or facts because of which it is claimed defendant is responsible for the dam and spillway settling and dropping away from the facing thereon, and at what point or points the dam and spillway dropped or settled; to state at what places in the cement the

leaks occurred; to state where the cement broke and settled and had to be repaired; and to state when the dam and spillway settled and dropped and when the cement broke and settled.

The appellant's motion to strike the appellee's denial of and amendment to abstract, which was ordered submitted with the case, is hereby overruled.

The ruling of the trial court is reversed, and the cause remanded to the trial court for the entry of an order on the appellant's motion to strike, in conformity with this opinion.— Reversed and remanded.

KINTZINGER, C. J., and ALBERT, MITCHELL, ANDERSON, POWERS, PARSONS, and RICHARDS, JJ., concur.