## SIMONELLI *v.* CASSIDY.

1. APPEAL AND ERROR—DISCOVERY—MOOT QUESTION.
   Question as to error in original denial of motion for discovery in malpractice case was rendered moot, where discovery was later ordered.

2. PLEADING—AMENDMENT—DISCRETION OF COURT.
   Amendments to pleadings may be ordered in the discretion of the trial court at any time before judgment (CL 1948, § 616.1).

3. COURTS—PRETRIAL HEARING—AMENDMENT OF PLEADING.
   The purpose of local circuit court rule as to conduct of pretrial hearing is to dispose of all amendments to pleadings before the cause is assigned to a judge for final hearing (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 824.
[2, 6] 41 Am Jur, Pleading §§ 293, 296.
[4, 5] 41 Am Jur, Pleading § 294.
[6] 3 Am Jur, Appeal and Error § 964.
[7–11] 41 Am Jur, Physicians and Surgeons § 124.
[7–11] Necessary allegations in a declaration or complaint in action against physician or surgeon based on wrong diagnosis.  134 ALR 683.
[11] 41 Am Jur, Pleading §§ 220, 359.

4. PLEADING—AMENDMENT—PRETRIAL HEARING.

Amendment of a pleading should be permitted only under the most compelling circumstances, where sought after pretrial hearing at which disposition of motions to amend should be made (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

5. SAME—AMENDMENT—PRETRIAL HEARING—DISCRETION OF COURT.

Refusal of trial judge to permit amendment of declaration in malpractice case did not constitute an abuse of discretion, where cause of action had existed for almost 7 years, case had been on pretrial docket for a long period without any effort having been made by plaintiff to amend his declaration and the extended delays were not shown to have been chargeable to defendant (Third Circuit Court Rules, pt 2, No 1, subd [1] [c] [5]).

6. SAME—AMENDMENT—DISCRETION OF COURT.

Generally, permission to amend plea rests wholly within discretion of trial court, and, unless discretion is abused, Supreme Court will not interfere, whether amendment is granted or refused (CL 1948, § 616.1).

7. PHYSICIANS AND SURGEONS—MALPRACTICE—PLEADING.

Allegations that defendant physician failed to diagnose an undefined malady which plaintiff's wife suffered, and that defendant failed to take proper precautions to prevent injury during the course of the operation, that defendant cut the carotid artery but failing to allege that such cutting was negligence or the disease from which the wife suffered, its proper treatment when discovered or the proper method, if one exists, of protecting the person being operated upon in the event it becomes necessary to cut the carotid artery, failed to constitute a sufficient statement of facts to establish a cause of action for malpractice as a matter of law.

8. SAME—MALPRACTICE—DECLARATION.

Every fact necessary to constitute a cause of action must be alleged in a declaration in an action of malpractice with reasonable definiteness and certainty although not necessarily in the technical language of the medical profession.

9. SAME—MALPRACTICE—DECLARATION.

The declaration in an action of malpractice, in order to state a cause of action, must contain reasonably definite and certain allegations of the duty of the physician or surgeon to the person injured, the breach of the duty complained of,

the causal relation between the breach of duty and the injuries complained of and resulting damage.

10. SAME—MALPRACTICE—BREACH OF DUTY—PLEADING.

It is not sufficient merely to state that certain acts not negligent in themselves were done or omitted by the physician or surgeon without alleging that they were negligently done or omitted, where the breach of duty relied on as a basis for an action of malpractice is negligence in the treatment of the patient.

11. PLEADING—DECLARATION.

A declaration which fails to advise the defendant with reasonable certainty, according to the circumstances of the case, of the facts upon which the plaintiff proposes to rely and will seek to prove it, cannot be sustained.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 9, 1953. (Docket No. 37, Calendar No. 45,757.) Decided June 8, 1953.

Case by Eleuterio Simonelli against William J. Cassidy for malpractice. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Joseph A. Cassese* (*Willis C. Bullard,* of counsel), for plaintiff.

*Moll, Desenberg, Purdy & Glover* and *Humphreys Springstun,* for defendant.

ADAMS, J. On December 29, 1944, William J. Cassidy, a medical doctor and defendant and appellee herein, operated on Anna Simonelli, deceased wife of Eleuterio Simonelli, plaintiff and appellant. Plaintiff claims that as a result of the operation, his wife suffered permanent injuries and disability with consequent loss to himself.

Almost 2 years later, on December 4, 1946, this suit was instituted for damages resulting from the

malpractice of the defendant in the diagnosis and treatment of plaintiff's wife.

On April 23, 1947, plaintiff moved for discovery, which motion was denied on May 5th of that year. Subsequently, a declaration and answer were filed. Defendant's answer, in addition to denying liability, alleged that the plaintiff's declaration failed to contain the averments necessary to state a cause of action and moved to strike the declaration from the record and to dismiss the case. The answer further stated that the motion to strike and dismiss was reserved and would be brought on for hearing at the trial of the case.

No steps were taken to amend the declaration or to bring the matter on for trial, and eventually the cause was placed on the "no progress" docket where it remained for a period of 14 months. The cause was then removed from the "no progress" docket and placed on the pretrial docket. Plaintiff again moved for discovery and on September 20, 1950, an order was entered requiring the Mt. Carmel Mercy Hospital to make discovery of all hospital records pertaining to the confinement, operation and treatment of Anna Simonelli.

Mrs. Simonelli died on March 14, 1951. On November 13, 1951, the cause was set for trial after having remained on the "pretrial" docket for some 22 months. The case was reached for trial in January, 1952, and again adjourned at plaintiff's request. New counsel was then employed by plaintiff who promptly filed a motion to amend or, in the alternative, have the case returned to the "pretrial" docket, which motion was denied on May 16, 1952. The case was again set for trial and when the trial date of September 10, 1952, was reached, the cause was dismissed on motion of the defendant, the court finding that the declaration failed to state a cause of action.

Plaintiff appeals from the order dismissing the cause claiming that the circuit judge erred in holding that the declaration did not state a cause of action, in refusing to permit plaintiff to amend his declaration, and in denying plaintiff's motion for discovery on May 5, 1947.

We attach little significance to plaintiff's claimed error in the denial of a motion for discovery on May 5, 1947, for the reason that discovery was later ordered on September 20, 1950, thus making moot any question as to the propriety of the denial of the earlier motion.

It is plaintiff's further contention that the judge's denial of plaintiff's motion to amend his declaration or, in the alternative, have the cause returned to the "pretrial" docket, was an abuse of discretion. While admitting that the operation had been performed upon plaintiff's wife some 7 years previously and that the suit had been pending more than 5 years, nevertheless he says that only as a result of a deposition taken in April of 1952 was plaintiff able to plead with particularity the acts of negligence which constitute the alleged malpractice on the part of the defendant.

During the years that elapsed after the commencement of suit, the cause had remained on the "no progress" docket for a period of 14 months and on the "pretrial" docket for 22 months. After having been reached for trial in January of 1952, it was again adjourned at the request of the plaintiff. Although amendments to pleadings may be ordered in the discretion of the court at any time before judgment under the provisions of CL 1948, § 616.1 (Stat Ann § 27.838), it is to be noted that the rules of the third judicial circuit provide for a pretrial division of the court and, in part, read:

"Part 2. * * *

"Rule 1. Pretrial Divisions. * * *

"(c) Attorneys who will conduct the trial unless excused by the pretrial judge, shall appear in court promptly and shall be prepared to consider the following matters and to perform the following acts: * * *

"(5) To amend pleadings where leave to do so is timely requested and to concede that each of the parties may, without further amendment to their pleadings, introduce competent proofs to support their respective versions of the case as pleaded and as stated by them at the pretrial conference."*

The purpose of that portion of the rule quoted is to expedite the trial of cases by disposing of all amendments to the pleadings on a pretrial hearing and before the cause is assigned to a judge for final hearing. While the right to amend for good and sufficient reason, in the discretion of the trial court, exists after the pretrial hearing, nevertheless in the orderly administration of justice, such amendments should be permitted only under the most compelling circumstances. The present case had been on the pretrial docket for a long period and during that time plaintiff made no effort to amend his declaration. In addition, the case itself had then been pending for several years and the alleged cause of action had existed for almost 7 years. Plaintiff had had more than ample time in which to plead his cause of action and prepare for trial.

Defendant was entitled to a trial of the cause within a reasonable period after commencement of suit while witnesses were still available and their memories clear. There is no showing in the record that the extended delays are chargeable to defendant. Under all the circumstances it was quite proper for the judge to refuse to permit amendments to the

* See Honigman's Michigan Court Rules Annotated, 1952 Supp, App 2, p 90.—Reporter.

pleadings with the inevitable consequence of further delay. We cannot find that there was an abuse of discretion in the denial of plaintiff's motion.

"As a rule, the permission to amend rests wholly within the discretion of the trial court, and unless this discretion is abused, we will not interfere. This is true irrespective of whether the court refuses or permits the amendment." *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich 453.

Plaintiff's declaration contains 2 counts. In count 1 it is alleged that the defendant was employed by the plaintiff to examine, diagnose and treat "a certain malady which existed on the left side of the neck of plaintiff's wife;" that defendant "induced * * * plaintiff's wife to undergo an operation for said malady;" that he "did operate" and "did cut the carotid artery;" and that the "defendant * * * did fail to properly diagnose the condition of plaintiff's wife and so unskillfully and negligently conducted himself in the treatment and surgery of plaintiff's wife" that she was permanently injured.

In count 2 plaintiff says that it was the duty of defendant "to take proper care and precautions to avoid a sudden blocking off of the blood to the head by the cutting of the carotid artery, to take proper precautions and make proper preparations in the event it would be necessary to block off the carotid artery;" and that said defendant was negligent in that he failed to carry out those duties, all of which resulted in injury to plaintiff's wife.

Do these allegations constitute a sufficient averment of the plaintiff's claimed cause of action to notify the defendant of the kind of proof he will be required to meet upon trial? Defendant says that the plaintiff has alleged no facts to show the negligence of the defendant, but that he has alleged conclusions only and cites:

"The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend. Each allegation shall be set forth in a separate paragraph, and the various paragraphs shall be numbered consecutively." Court Rule No 19, § 1 (1945).

"In an action for personal injuries the declaration must allege with reasonable certainty the defendant's duty and the breach thereof and in what respect the defendant has been negligent and how the accident occurred." 1 Searl's Michigan Pleading and Practice, § 136.

On the other hand, plaintiff claims that an action for malpractice is based upon facts peculiarly within the knowledge of the defendant and that it would be impossible for the plaintiff to allege with any degree of particularity the wrongful acts committed by the defendant as well as those things which defendant, as a medical practitioner, should have done, and in support of his position quotes 70 CJS, p 987, § 61:

"Negligence may be pleaded in general terms, and it is sufficient, at least as far as a general demurrer is concerned, to aver that certain treatment was negligently administered by defendant to plaintiff's damage without alleging in what respects the treatment may have been deficient. So, where negligence is alleged in general terms, defendant waives the right to have it stated with greater certainty by failure to interpose a special demurrer, but, where a special exception is directed to a general allegation of negligence, the pleader should be required to be more specific, that is, sufficient, at least, to apprise his adversary of the kind of proof he will be required to meet on the trial. The fact that, in addition to general allegations of negligence, the complaint may include a recital of certain related particulars does not deflect from the force of the general rule that it

is sufficient to plead that the thing done was negligently done."

"The declaration states he was such physician and surgeon, and as such was employed by the plaintiff to set her broken limb, and give her the necessary care and medical treatment. The averment of such employment was a sufficient averment of his duty under such circumstances." *Hanselman* v. *Carstens,* 60 Mich 187.

Plaintiff has alleged negligence in failing to diagnose an undefined malady and in failing to take proper precautions to prevent injury during the course of the operation, but we find only 1 specific factual statement. That is, that in the operation defendant cut the carotid artery. While the plaintiff alleges that the defendant was negligent, he does not allege the proper or safe way of operating nor does he say that the cutting of the artery itself was negligent. It is possible that under the most accepted and advanced surgical methods it would be necessary to sever the carotid artery in order to correct certain specific maladies. However, we can only conjecture, for we are not informed as to the type of malady or disease from which the plaintiff's wife suffered, the accepted method of diagnosing the malady, or the proper treatment of such malady when discovered. Nor are we informed as to the proper method, if one exists, of protecting the person being operated upon in the event it becomes necessary to cut the carotid artery. To repeat, except for conclusions and general allegations of negligence, the declaration informs us of nothing more than the cutting of the artery. We do not believe that such allegations constitute a sufficient statement of facts to establish a cause of action.

"There are many simple cases where, when certain facts are shown, a general allegation of negli-

gence or want of care gives all the information needed; and in such cases the whole, taken together, makes a good declaration. But a naked charge that a person negligently hurt another, with nothing more, cannot be sufficient." *Schindler* v. *Milwaukee, L. S. & W. R. Co.*, 77 Mich 136, 153.

"In an action for damages occasioned by the negligence or malpractice of a physician or surgeon, every fact necessary to constitute a cause of action must be alleged in the declaration, complaint, or petition, and, moreover, such facts must be alleged with reasonable definiteness and certainty, although it is not necessary to couch the declaration in the technical language of the medical profession. Thus, it is essential to allege, with reasonable definiteness and certainty, the duty of the physician or surgeon to the person injured, the breach of duty complained of, the causal relation between the breach of duty and the injuries complained of, and resulting damage. Irrelevant and immaterial allegations should be stricken on demurrer, such as allegations which do not state issuable facts, but mere conclusions.

"Where the breach of duty relied on is negligence in the treatment of the patient, it is not sufficient merely to state that certain acts not negligent in themselves were done or omitted by the physician or surgeon without alleging that they were negligently done or omitted." 70 CJS, p 985, § 61.

"When a declaration fails to advise the defendant with reasonable certainty, according to the circumstances of the case, of the facts upon which plaintiff proposes to rely, and will seek to prove it, it cannot be sustained." *Green* v. *Michigan Central R. Co.*, 168 Mich 104 (Ann Cas 1913C 98).

We agree with the trial court that the declaration did not state a cause of action as a matter of law.

Judgment is affirmed, costs to the defendant.

Dethmers, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.