HORACE H. LAGERPUSCH, administrator of estate of Gladys Lagerpusch, deceased, appellant, v. E. L. LINDLEY and St. LUKES METHODIST HOSPITAL, INC., appellees.

No. 50606.

1034

May 8, 1962.

Messer & Cahill and Jay H. Honohan, all of Iowa City, for appellant.

Barnes, Wadsworth, Elderkin, Locher & Pirnie and John D. Randall, all of Cedar Rapids, for appellee E. L. Lindley.

Simmons, Perrine, Albright, Ellwood & Neff, of Cedar Rapids, for appellee St. Lukes Methodist Hospital, Inc.

PETERSON, J.—This is an action by plaintiff for $150,000 damages because of the death of his wife through alleged negligence by defendants. The petition alleged in Count I that defendants were negligent in diagnosing and treating plaintiff's wife, and because of this negligence she died. In Counts II and III the doctrine of res ipsa loquitur is invoked against defendants. After plaintiff complied with a motion for more specific statement, defendants filed motion to dismiss as to all three counts, which motion was sustained by the trial court. Plaintiff appeals.

I. The facts alleged by plaintiff are that E. L. Lindley is a physician and surgeon practicing in Cedar Rapids. Defendant St. Lukes Methodist Hospital, Inc., is an Iowa corporation with a hospital located in Cedar Rapids. Defendant Doctor Lindley is connected with defendant hospital.

On March 10, 1959, plaintiff's decedent called defendant Doctor Lindley to treat her and for a compensation he accepted her case. He directed defendant to go to St. Lukes Hospital and on March 13, 1959, the hospital accepted decedent as a patient for compensation and undertook to attend her.

Defendant Doctor Lindley carelessly, unskillfully and negligently diagnosed said sickness and defendant hospital carelessly, unskillfully and negligently delayed in making proper examination of plaintiff's decedent. At all times material to this action plaintiff's decedent was under the care and supervision of both defendants; that as a result of the negligence of defendants on or about 5 p.m., on March 13, 1959, plaintiff's decedent died at said hospital.

Plaintiff alleges defendants were negligent in the following particulars:

"a. In failing to provide supervision and care for plaintiff's decedent during her attendance in the hospital.

"b. In failing to give plaintiff's decedent a medical examination.

"c. In failing to keep plaintiff's decedent under observation when defendants knew, or in the exercise of reasonable care should have known, that her condition was such as to require observation.

"d. In allowing time to elapse between the time that it was apparent, or in the exercise of reasonable care should have been apparent, that the patient's condition was changing and in need of some type of treatment or action, and the time when such action was finally taken.

"e. In failing to institute treatment which would have saved the life of plaintiff's decedent.

"f. In failing to take any steps or give medical assistance which would have saved the life of the plaintiff's decedent."

Plaintiff adds to his petition the following, designated as Paragraphs 11A and 11B of Count I:

"11A. Defendant, E. L. Lindley, was specifically negligent in failing to be in attendance to his patient for the purpose of diagnosis, care and treatment.

"11B. The negligence of the defendant was the sole cause of the death of plaintiff's decedent."

In this case we do not consider the merits of the controversy. The only question is whether or not plaintiff has stated a cause of action which should be submitted to a jury, provided plaintiff can adduce sufficient testimony to justify such submission.

█ We are first confronted with the well established principle that on a motion to dismiss we must view plaintiff's petition in the light most favorable to him. Newton v. Grundy Center, 246 Iowa 916, 70 N.W.2d 162; 1 Cook, Iowa Rules of Civil Procedure, Rev. Ed., 673, and author's comment; 29 Iowa Law Review 23, 26; Schmidt v. United States, 7 Cir., 198 F.2d 32, 34; Montgomery Ward & Co. v. Langer, 8 Cir., 168 F.2d 182, 185.

In Newton v. Grundy Center, supra, at page 921 of 246 Iowa, the court said: "However, we think the law is well settled that upon motions to dismiss a complaint on the ground that it does not state a claim upon which relief can be granted, such complaint should be construed in the light most favorable to the plaintiff, with all doubts resolved in his favor and the allegations accepted as true. If, in view of what is alleged, it reasonably can be conceived that plaintiff can upon the trial make a case which would entitle him to some relief, the complaint should not be dismissed."

As a statement of the law a petition must show: 1. The existence of a duty on the part of defendant. 2. A failure by defendant to perform such duty. 3. An injury to plaintiff from such failure. 38 Am. Jur., Negligence, section 258; Newton v. Grundy Center, supra; Liken v. Shaffer, 64 F. Supp. 432; City of Osceola v. Gjellefald Construction Co., 220 Iowa 685, 263 N.W. 1; Townsend v. Armstrong, 220 Iowa 396, 398, 260 N.W. 17.

In Townsend v. Armstrong, supra, the court said: "A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusion based upon those facts."

In a malpractice case the pleader must either show an affirmative act of negligence, or he may show lack of skill or care, or failure to give careful and proper attention to his patient. Wilson v. Corbin, 241 Iowa 593, 41 N.W.2d 702; Bartholomew v. Butts, 232 Iowa 776, 779, 5 N.W.2d 7, 9; 41 Am. Jur., Physicians and Surgeons, section 92; In re Estate of Johnson, 145 Neb. 333, 16 N.W.2d 504, 511; Van Sickle v. Doolittle, 173 Iowa 727, 155 N.W. 1007; 70 C. J. S., Physicians and Surgeons, section 48d; Simonelli v. Cassidy, 336 Mich. 635, 59 N.W.2d 28; Wheatley v. Heideman, 251 Iowa 695, 102 N.W.2d 343.

As a general statement of a physician's duty, Wilson v. Corbin, supra, at page 599 of 241 Iowa, states: "A physician is bound to use that degree of knowledge, skill, care, and attention ordinarily exercised by physicians under like circumstances and in like localities. He does not impliedly guarantee results."

In Wheatley v. Heideman, supra (page 704 of 251 Iowa), this court stated: "Malpractice may consist in lack of skill or care in diagnosis as well as in treatment."

As to Count I we hold the motion to dismiss should not have been sustained.

II. In Count II plaintiff alleges the doctrine of res ipsa loquitur pertains to defendant Lindley. In Count III he contends such doctrine pertains to defendant hospital.

The essential component parts of res ipsa loquitur are: 1. The instrumentalities causing the injury must be under the exclusive control of defendant. 2. The happening of the injury

must be such that in the ordinary course of events it would not occur without lack of due care on the part of defendant.

In the absence of either of the above elements the doctrine does not apply. Gebhardt v. McQuillen, 230 Iowa 181, 297 N.W. 301; Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425; Mogensen v. Hicks, 253 Iowa 139, 110 N.W.2d 563.

■ In the case at bar neither the doctor nor the hospital was in full control of the instrumentalities involved. They could deal with the body of plaintiff's wife, but they had no control over her physical frailties, allergies, reactions or idiosyncrasies.

The doctrine of res ipsa loquitur should be used very rarely in medical cases. Shinofield v. Curtis, 245 Iowa 1352, 66 N.W. 2d 465, 471, 50 A. L. R.2d 964; 65 C. J. S., Negligence, section 220(10); Mogensen v. Hicks, supra.

In many medical cases the doctrine of res ipsa has been rejected: Berg v. Willett, 212 Iowa 1109, 232 N.W. 821; Gebhardt v. McQuillen, supra; Lippard v. Johnson, 215 N. C. 384, 1 S.E.2d 889; Prewitt v. Higgins, 231 Ky. 678, 22 S.W.2d 115; Groce v. Myers, 224 N. C. 165, 29 S.E.2d 553; Mogensen v. Hicks, supra.

The second element of res ipsa is also absent in the case at bar. In considering the second element it rests on common experience and not on evidence in the particular case that tends in itself to show such occurrence was, in fact, the result of negligence. Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.2d 761, 769, 11 A. L. R.2d 1164; 38 Am. Jur., Negligence, section 297; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A. L. R. 722, 729; Annotation, 59 A. L. R. 468.

In view of the uncertainty as to the time of death as to any person, the happening of such event as to plaintiff's wife on March 13, 1959, is not sufficiently certain to justify res ipsa, for in the ordinary course of events the death could have occurred without lack of due care on the part of defendants.

Appellant bases his res ipsa loquitur claim primarily on three cases: Frost v. Des Moines Still College, 248 Iowa 294, 79 N.W.2d 306; Whetstine v. Moravec, supra; Ybarra v. Spangard, 25 Cal.2d 486, 154 P.2d 687, 162 A. L. R. 1258.

The Frost case does not support appellant's contention. Mrs. Frost was subjected to an operation on her back because of an

injury. While on the operating table, and under anesthesia, the hospital attendants permitted liquid from the ether to flow down upon her stomach, causing serious injury. She was unconscious and unable to testify as to the situation. Res ipsa was clearly applicable.

The case of Whetstine v. Moravec, supra, also involved the question of res ipsa loquitur. The trial court directed a verdict in favor of defendant and this court reversed. Mr. Whetstine went into the office of Doctor Moravec, who was an exodontist, for the purpose of having several teeth extracted. The doctor placed him under a general anesthetic. He was completely oblivious as to what was happening. In connection with the extraction the doctor permitted the root of a tooth to fall down his throat and windpipe and lodge in his right lung. The doctor did not tell plaintiff of the incident. After the extraction he suffered seriously from spells of hard coughing, but did not understand the basis until nine months and three days after the teeth were extracted. At that time he had an especially severe spell of coughing, and coughed up the root of the tooth. He sued the doctor for malpractice. We held the case should have been submitted to the jury under the doctrine of res ipsa loquitur. The dental operation in the extraction of plaintiff's teeth was exclusively under the control of defendant, in view of the anesthesia. The accident to plaintiff was such that in the ordinary course of dental practice it would not have happened had the defendant exercised usual and proper care in extracting the teeth. The case does not support the position of plaintiff as to res ipsa in the case at bar.

In the case of Ybarra v. Spangard, supra, plaintiff entered the hospital for an appendectomy operation. He was under anesthesia when the operation was performed. Prior to the operation he had never had any pain in, or injury to, his right arm or shoulder. When he awakened after the operation he felt a sharp pain about halfway between the neck and the point of the right shoulder. The pain spread down to the lower part of his arm, and after his release from the hospital he developed paralysis and atrophy of the muscles around the shoulder. An area of diminished sensation developed below the shoulder, and a wasting away of the muscles followed. In a malpractice suit

the trial court directed a verdict for the defendant, but the Supreme Court of California reversed, and held the case should be submitted to the jury under doctrine of res ipsa. The case is not similar to the case at bar, and does not support appellant's position.

This case is reversed as to the ruling of the court concerning Count I, and is affirmed as to its ruling concerning Counts II and III.—Reversed in part and affirmed in part.

GARFIELD, C. J., and HAYS, LARSON, THOMPSON, and THORNTON, JJ., concur.

OLIVER and SNELL, JJ., dissent as to Division I.

MOORE, J., takes no part.