Joseph D. HANRAHAN, Appellant,

v.

ST. VINCENT HOSPITAL, Appellee.

No. 73–1782.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1974.

Decided May 22, 1975.

Donald E. O'Brien, Sioux City, Iowa, for appellant.

William E. Kunze, Sioux City, Iowa, for appellee.

Before JOHNSEN and VOGEL, Senior Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

Joseph D. Hanrahan (hereinafter plaintiff) appeals from a judgment entered on a jury verdict absolving defendant St. Vincent Hospital from liability for injuries allegedly sustained by him while in the care and custody of the hospital.[1] The condition complained of, a perianal abscess, developed while plaintiff was recuperating from a gall bladder operation. Plaintiff alleged that the abscess was caused by the improper administration of an enema by nurse Ann Wendte, an employee of defendant. In particular it was alleged that the enema was pushed through the skin of the rectum and its contents discharged "where it was not intended to go." There, was, however, no testimony of a perforation or hole in the rectum, such as would have been made by poking a tool of some kind through the lining of the rectum. It was also testified that the abscesses of this type are not "real uncommon" and may be caused by "a number of different things" such as seeds and fishbones and other objects that may pass through the digestive tract, undigested, and lodge there.

■ In this state of the proofs the plaintiff argues that the accident or occurrence "speaks for itself" and that he was entitled to go to the jury on the theory of res ipsa loquitur. The trial court held not. We affirm.

The controlling principles of Iowa law in this regard were recently summarized in Cronin v. Hagan, 221 N.W.2d 748 (Iowa 1974), a case which rejected a similar contention:

Before submission of a case on the theory of res ipsa loquitur plaintiff must prove existence of essential facts necessary to bring the rule into operation. They are: (1) exclusive control and management of the instrumentality which caused the injury complained of by the person charged with negligence and (2) an occurrence causing the injury which was of such a type as in the ordinary course of events would not have happened if reasonable care had been used. [Citations omitted.] In the absence of either of these elements the doctrine does not apply. [Citations omitted.]

\* \* \* \* \* \*

This court must examine the evidence in light of the principle stated above and determine whether plaintiff presented substantial competent evidence of sufficient weight to generate a jury question as to the existence of the foundational facts giving rise to the res ipsa loquitur inference.

221 N.W.2d at 751–52.

The trial court held that the showings made were insufficient to entitle the plaintiff to go to the jury upon the first "foundational fact," the exclusive control of the instrumentality causing the injury. The Supreme Court of Iowa has directly addressed itself to this issue in Lagerpusch v. Lindley, 253 Iowa 1033, 115 N.W.2d 207 (1962) holding that:

In the case at bar neither the doctor nor the hospital were in full control of the instrumentalities involved. They could deal with the body of plaintiff's wife, but they had no control over her physical frailties, allergies, reactions or idiosyncracies.[2]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Count I of plaintiff's Complaint alleged specific acts of negligence; Count II was based on the doctrine of res ipsa loquitur.

Jurisdiction in the district court was founded on 28 U.S.C. § 1332. The parties agree that Iowa law governs the controversy.

2. *See* Mogensen v. Hicks, 253 Iowa 139, 143, 110 N.W.2d 563, 566 (1961); Gebhardt v. McQuillen, 230 Iowa 181, 186, 297 N.W. 301,

The doctrine of res ipsa loquitur should be used very rarely in medical cases. [Citations omitted.]

233 Iowa at 1038, 115 N.W.2d at 210. (Footnote added.) We find no error in the court's ruling.

Moreover, even should such showing have been held made, plaintiff's cause is not advanced because of the complete lack of proof as to the second foundational fact required by the Iowa courts: that the injury is of a type usually caused by negligence.

As to the second foundational fact the Iowa courts have recognized that even the best professional service may be hindered or defeated by factors outside human control.[3] Thus the doctrine of res ipsa loquitur has been applied sparingly in medical malpractice cases,[4] and only to situations where the injury truly "speaks" of negligence. Wiles v. Myerly, 210 N.W.2d 619, 626 (Iowa 1973) (unusual injury to a healthy part of the body not within the area of surgery); Frost v. Des Moines Still College of Osteopathy & Surgery, 248 Iowa 294, 79 N.W.2d 306 (1957) (unusual injury to a healthy part of the body not within the area of surgery); Whetstine v. Moravec, 228 Iowa 352, 373, 291 N.W. 425, 435 (1940) (root of tooth falling into a man's lung during extraction operation).

■ Whether the application of an enema in such a manner as to cause a perianal abscess is the type of occurrence which in the ordinary course of things would not happen if reasonable care had been used is in our view a question outside the common experience and competence of laymen and must rest, if at all, upon the testimony of experts. In this regard the plaintiff cites expert testimo-

ny that it is highly unusual for a perianal abscess to develop in the place at which his was located. But neither this testimony nor other in the case is probative of the question whether, in the common experience of experts, such an abscess is ordinarily the result of negligence. As was said in Perin v. Hayne, 210 N.W.2d 609, 615 (Iowa 1973):

Rarity of the occurrence is not a sufficient predicate for application of res ipsa loquitur. "Where risks are inherent in an operation and an injury of a type which is rare does occur, the doctrine should not be applicable unless it can be said that, in the light of past experience, such an occurrence is more likely the result of negligence than some cause for which the defendant is not responsible." [Citations omitted.]

We conclude, therefore, that the trial court properly refused to submit Count II to the jury. See Cronin v. Hagan, supra at 753; Perin v. Hayne, supra at 615.

■ Plaintiff also complains of the court's rulings with respect to the rebuttal testimony of witness Davenport, excluding parts thereof and admitting others. The discretion of the trial judge with respect to the admission or exclusion of rebuttal testimony is well established,[5] and we find no abuse of such discretion upon the facts before us. The excluded testimony was substantially identical to that elicited from another witness in plaintiff's case-in-chief.

We have carefully reviewed the briefs and record and find no prejudicial error in the other evidentiary rulings which plaintiff challenges. The judgment is

Affirmed.

303 (1941); Whetstine v. Moravec, 228 Iowa 352, 369–70, 291 N.W. 425, 433 (1940).

3. Gebhardt v. McQuillen, 230 Iowa 181, 187, 297 N.W. 301, 304 (1941).

4. See e. g. Lagerpusch v. Lindley, 253 Iowa 1033, 1038, 115 N.W.2d 207, 210 (1962); Mo-

gensen v. Hicks, 253 Iowa 139, 143, 110 N.W.2d 563, 566 (1961).

5. See Crane v. Cedar Rapids & Iowa Ry., 160 N.W.2d 838, 847 (Iowa 1968), aff'd, 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969); Robson v. Barnett, 241 Iowa 1066, 1070, 44 N.W.2d 382, 384 (1950).