### WELNIAK v ALCANTARA

Docket No. 45097. Submitted June 26, 1980, at Detroit.—Decided September 18, 1980.

Constance J. Welniak, administratrix of the estate of Opal Strzepek, brought a medical malpractice action against Dr. Lucilo Alcantara, and others, alleging that defendants' negligence resulted in the death of Opal Strzepek, who died following an improper blood transfusion. The Wayne Circuit Court, Ricardo J. Lubienski, J., after the opening statement of plaintiff to the jury, entered a directed verdict and judgment for defendants for failure to state a cause of action. Prior to the entry, the court denied plaintiff's motion to amend her complaint. Plaintiff appeals. *Held:*

1. A complaint in medical malpractice, to state a cause of action, must specify the negligent acts or omissions complained of and must indicate what the applicable medical standard would have required.

2. A trial court may direct a verdict following an opening statement where facts are conceded that demonstrate that no cause of action exists or where the opening statement puts forth an entirely new theory of liability and counsel admits that the theory pled cannot be proven. However, such directed verdicts are not favored and are improper when based on lack of particularity in the pleadings where the moving party has failed to move for a more definite statement. A proper remedy is to permit the defective pleadings to be amended.

Reversed and remanded.

1. PHYSICIANS AND SURGEONS — MALPRACTICE — PLEADING — CAUSE OF ACTION.

A complaint in medical malpractice, to state a cause of action, must specify the negligent acts or omissions complained of and must indicate what the applicable medical standards would have required.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 186.

[2] 61 Am Jur 2d, Pleading § 315.

75 Am Jur 2d, Trial § 504 *et seq.*

2. TRIAL — DIRECTED VERDICTS — PLEADINGS — AMENDMENT OF
  PLEADINGS.
  A trial court may direct a verdict following an opening statement
  where facts are conceded that demonstrate that no cause of
  action exists or where the opening statement puts forth an
  entirely new theory of liability and counsel admits that the
  theory pled cannot be proven; however, such directed verdicts
  are not favored and are improper when based on lack of
  particularity in the pleadings where the moving party has
  failed to move for a more definite statement; a proper remedy
  is to permit the defective pleadings to be amended.

*Pianin, Graber & Paull, P.C.* and *Gromek, Bendure & Thomas,* for plaintiff.

*Schureman, Frakes, Glass & Wulfmeier,* for defendants.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

PER CURIAM. This malpractice action was commenced on April 11, 1975, in Wayne County Circuit Court against Dr. Lucilo Alcantara, Dr. Raymond Suwinski, the Conant Clinic, and North Detroit General Hospital. On April 24, 1979, following a partial consent judgment between plaintiff and North Detroit General Hospital, the case proceeded to trial as to the remaining defendants. After the jury was selected and plaintiff's opening statement, defendants moved for a directed verdict. Following argument, the trial court granted the motion and denied plaintiff permission to amend her pleadings. Plaintiff appeals as of right.

This litigation arose out of the October 13, 1974, death of plaintiff's decedent Opal Strzepek, alleged to have resulted from defendants' negligence. Ms. Strzepek died following an improper blood transfusion at North Detroit General Hospital. She had

* Circuit judge, sitting on the Court of Appeals by assignment.

been a patient of the other defendants for some time prior to her death and had been treated by them for severe vaginal bleeding since 1969. Plaintiff theorized that improper treatment by Dr. Alcantara and Dr. Suwinski contributed to the death.

The basis of the motion for directed verdict was that plaintiff's pleadings failed to state a cause of action. The nature of medical malpractice litigation requires that factual allegations be more specific than might otherwise be necessary. They must inform a defendant of the negligent acts or omissions complained of and indicate what the prevailing medical standards would have required. *Simonelli v Cassidy,* 336 Mich 635, 643; 59 NW2d 28 (1953). The purpose is to provide a defendant with sufficient notice to prepare a defense to the charges.

Plaintiff's allegations were general and provided no reference to prevailing medical standards. They were clearly defective under *Simonelli, supra.* However, this did not justify a directed verdict. In *Simonelli,* the defendant specified in his answer that the plaintiff's declaration failed to state a claim and moved to strike and dismiss. The answer reserved these motions and indicated that they would be brought up for hearing at trial. *Id.,* 638. In the instant case, defendants failed to challenge the pleadings prior to plaintiff's opening remarks.

A trial court may direct a verdict following an opening statement where facts are conceded that demonstrate that no cause of action exists or where the opening statement puts forth an entirely new theory of liability and counsel admits that the theory pled cannot be proven. *Tyus v Booth,* 64 Mich App 88; 235 NW2d 69 (1975),

*Makuck v McMullin,* 87 Mich App 82; 273 NW2d 595 (1978). However, such directed verdicts are not favored and are improper when based on lack of particularity in the pleadings where the moving party has failed to move for a more definite statement under GCR 1963, 115.1. *Fenton Country House, Inc v Auto-Owners Ins Co,* 63 Mich App 445; 234 NW2d 559 (1975). Here, although the pleadings were not satisfactory, it was not at all clear that no cause of action existed.

The correct action for the lower court would have been to permit plaintiff to amend her pleadings to more fully inform the defendants of her claims. While amendment is necessarily a matter of trial court discretion, that discretion is limited and leave is to be denied only for particular reasons, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendment, undue prejudice or futility of the proposed amendment. *Messer v Floyd Rice Ford, Inc,* 91 Mich App 644, 648; 284 NW2d 139 (1979), *rev'd on other grounds,* 407 Mich 962; 288 NW2d 352 (1980).

The trial court felt that defendants would be prejudiced by possible surprise and that amendment was futile since plaintiff could not prove probable cause. The record does not bear these conclusions out. Any surprise to the defendants is the product of their own failure to move for a more definite statement or for summary judgment based on the pleadings. It is ironic that defendants claim that they would have to begin trial preparation "from ground to zero" in the same breath that they label the pleadings too vague to have permitted preparation in the first place. It is apparent that defendants delayed their attack on the pleadings until a point had been reached where

amendment could cause inconvenient delay. We cannot approve of such a tactic. *Cf. Manley, Bennett & Co v Woodhams,* 349 Mich 586, 593-594; 84 NW2d 771 (1957).

The trial court's conclusion that plaintiff could not prove proximate causation was based on an interpretation of the underlying facts. The court felt that decedent died as a result of the hospital's negligent blood transfusion, and that any claim that the other defendants contributed was speculative. This conclusion was reached before any evidence was presented and was not justified by any concessions in plaintiff's opening statement. It cannot be said at this point that no credible evidence could be presented to the contrary. The court's factual determination was improper and cannot support the refusal to permit amendment. We must conclude that the court abused its discretion in denying plaintiff's request.

Reversed and remanded.