LYONS v BRODSKY

Docket No. 67115. Submitted October 18, 1983, at Detroit.—Decided
June 20, 1984.

Carolyn Lyons brought a malpractice action in Wayne Circuit
Court against Dr. Robert Brodsky and Dr. Erroll Sherman. The
complaint alleged that the defendants had failed to properly
diagnose and treat plaintiff's foot ailment and that the defen-
dants had performed unnecessary and unwarranted surgery on
her foot. While alleging that the acts of the defendants were
negligent, the complaint failed to make any allegation as to the
specific duty or duties which the defendants had breached or as
to the manner in which the surgery was unnecessary and
unwarranted. Defendants moved for summary judgment on the
basis that plaintiff's complaint for malpractice was insuffi-
ciently specific. Plaintiff was permitted to amend her com-
plaint; however, the amendments did not make any substantial
changes in, or additions to, the previously made claims. The
trial court, Arthur M. Bowman, J., thereafter granted defen-
dants' motions for summary judgment. Plaintiff appealed. *Held:*

1. A complaint alleging malpractice must contain reasonably
definite and certain allegations as to the duty of the physician
or surgeon to the injured person, the nature of the breach of
that duty, the causal relationship between the breach of that
duty and the resulting injuries, and the damages which re-
sulted from those injuries. Neither in the original complaint
nor in the amended complaint did plaintiff make adequate
allegations as to the specific duties owed by defendants to
plaintiff or the exact nature of the breaches of duty upon which
she is seeking damages.

2. A defendant, when confronted with a vague complaint, is
not limited to merely making a motion for a more definite
statement. Vagueness in a complaint may properly be the
subject of a motion for summary judgment. Since plaintiff was
afforded the opportunity to amend her complaint and yet failed

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 326.
    61A Am Jur 2d, Pleading §§ 99, 100, 105, 122.
[3] 61A Am Jur 2d, Pleading §§ 71, 230 *et seq.,* 307.

to make any amendments to that complaint which would remove the vagueness problem, the trial court properly granted the motion for summary judgment and dismissed the complaint.

Affirmed.

1. PHYSICIANS AND SURGEONS — MALPRACTICE — PLEADING.

Every fact necessary to constitute a cause of action for malpractice must be alleged in the complaint with reasonable definiteness and certainty, although not necessarily in the technical language of the medical profession.

2. PHYSICIANS AND SURGEONS — MALPRACTICE — PLEADING.

The complaint in an action for malpractice, in order to state a cause of action, must contain reasonably definite and certain allegations of the duty of the physician or surgeon to the person injured, the breach of the duty complained of, the causal relationship between the breach of duty and the injuries complained of, and the resulting damages.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — PLEADING — VAGUENESS.

A motion for summary judgment is a proper means by which to challenge a civil complaint for vagueness; however, before a motion for summary judgment on the basis that the plaintiff's complaint is too vague is granted, the plaintiff should be afforded the opportunity to cure the vagueness by amending the complaint.

*Richard G. Sachs* and *Allen J. Counard,* for plaintiff.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Richard C. Boothman* and *Dennis J. Mendis),* for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff appeals as of right from a grant of summary judgment in favor of both defendants.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff brought a complaint for damages against both defendants (both licensed podiatrists), alleging malpractice. In her complaint, she stated:

"4. That on February 28, 1979, your plaintiff became a patient of Drs. Sherman and Brodsky, for the purpose of receiving care and treatment relative to a foot complaint.

"5. That in March, 1979, and April, 1979, defendants, Robert Brodsky and Errol Sherman performed surgery on the plaintiff and treated said plaintiff until August, 1979.

\* \* \*

"7. That in rendering care and treatment to your plaintiff, the said defendants had a duty to exercise that reasonable degree of skill and care ordinarily exercised and possessed by similar practitioners of the same or similar localities.

"8. That defendants Brodsky and Sherman breached their duty to your plaintiff in that they failed to exercise the degree and skill, learning, knowledge and diligence as hereinbefore set forth, and failed to observe the applicable standard of practice required of a specialist in the field of podiatry in the following manner:

"(a) Failed to properly diagnose the cause of your plaintiff's foot complaint;

"(b) Performed surgery on your plaintiff on a number of occasions both in the office of the individual defendants Brodsky and Sherman and in the hospital wherein all other defendants were associated, said surgery being unwarranted and unnecessary for plaintiff's condition;

"(c) That the aforementioned surgery was rendered in a careless and negligent manner;

"(d) That certain of the surgical procedures aforementioned were contrary to the statutes of the State of Michigan and were outside the scope of the practice of podiatry.

"(e) That defendants failed to treat in accordance with the standards of similar physicians and surgeons.

"10. That all of the above defendants concealed the

plaintiff's true medical condition from her, so that she would not be aware of her cause of action against them.

"11. That as a direct and proximate result of the negligent acts and omissions of the individual defendants herein, your plaintiff has endured in the past, and yet endures at present, as well as the future, great and agonizing pain in her feet, lacks the ability to properly balance herself, and lacks the ability to walk normally.

"12. That as a direct and proximate result of the negligent acts and omissions of the individual defendants herein, your plaintiff has expended sums of money for medical treatment, pharmaceuticals, and prosthetic appliances in the past, and will require the expenditures of monies in the future for additional medical treatment, pharmaceuticals and prosthetic appliances.

"13. That as a direct and proximate result of the negligent acts and omissions of the individual defendants herein, your plaintiff has suffered disfigurement and scarring of her feet which will require corrective and cosmetic surgery in the future.

"14. That as a direct and proximate result of the negligent acts and omissions of the individual defendants herein, your plaintiff has suffered a loss of earnings in the past, and has further suffered a loss of earning capacity.

"15. That the injuries to your plaintiff are permanent in nature, and will result in future arthritic deterioration to various parts of her body."

Defendants each moved for summary judgment, claiming that plaintiff's complaint of malpractice was insufficiently specific. In their claims, they relied on the rule that medical malpractice must be pled more specifically than other types of negligence. See *Simonelli v Cassidy,* 336 Mich 635, 644; 59 NW2d 28 (1953). Plaintiff moved to amend her complaint to make it more specific, and leave was given. Her amended complaint did not, however, make any substantial changes in, or additions to,

the allegations we have cited above. After more oral argument, the trial judge granted defendants' motions. We conclude that he did not err by doing so.

In *Simonelli v Cassidy, supra,* the Supreme Court delineated the requirements of a complaint alleging medical malpractice by citing the following passage from 70 CJS, § 61, p 985:

"In an action for damages occasioned by the negligence or malpractice of a physician or surgeon, every fact necessary to constitute a cause of action must be alleged in the declaration, complaint, or petition, and, moreover, such facts must be alleged with reasonable definiteness and certainty, although it is not necessary to couch the declaration in the technical language of the medical profession. Thus, it is essential to allege, with reasonable definiteness and certainty, the duty of the physician or surgeon to the person injured, the breach of duty complained of, the causal relation between the breach of duty and the injuries complained of, and resulting damage."

At the time of its decision, a complaint was required to "contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend". *Simonelli, supra,* p 642. This is essentially the same rule of pleading which we must apply to the present case. See GCR 1963, 111.1(1).

In the present case, plaintiff's complaint omits information reasonably necessary to inform the defendants of the nature of her claim. Although the complaint states that plaintiff sought care for a "foot complaint", it is too vague to inform defendants of the specific duty alleged to be breached. The complaint alleges that both defendants performed surgery in March and April of 1979. Although it appears that plaintiff is claiming that

surgery was performed more than once, it is not clear how many times it was performed. A sufficiently specific complaint should allege the dates of surgery, unless some adequate excuse is given for not knowing the dates. The complaint alleges a failure to diagnose properly the cause of the "foot complaint", but still does not inform the defendants of what plaintiff now believes to have been the problem with her foot. Plaintiff alleges that defendants performed unwarranted and unnecessary surgery on her foot on a number of occasions. She does not identify on which occasions surgery was unwarranted and does not claim that it was unwarranted in all cases. She also claims that the unwarranted and unnecessary surgery was "rendered in a careless and negligent manner". Her claim of negligent surgery is coextensive with her claim of unwarranted surgery and is subject to the same objection. The type or time of surgery is insufficiently identified to inform defendants of the surgical procedures to which plaintiff objects. Finally, she claims that some of the unwarranted surgery that was performed in a negligent manner was also outside the scope of practice of podiatry. Again, she does not identify which procedures she is alleging as malpractice. She also claims that defendants "failed to treat in accordance with the standards of similar physicians and surgeons". The condition to be treated, the standard of care and the manner of breaching that standard are not, however, identified. We conclude, as did the trial judge, that the complaint was insufficient to meet even the liberal pleading standards under the court rules; compare the complaint in this case with that found to be sufficient in *O'Toole v Fortino,* 97 Mich App 797, 803-808; 295 NW2d 867 (1980).

Plaintiff claims that defendants were limited to moving for a more definite statement, GCR 1963, 115.1, as the only route to challenge the vagueness of plaintiff's complaint. The court rule states that the answering party may move for a more definite statement before filing his responsive pleading "if a pleading is so vague or ambiguous that it fails to comply with the requirements of the rules". If the motion is granted and is not obeyed within ten days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just. While we agree that summary judgment should not be granted on a vague complaint without affording an opportunity to amend and cure the vagueness, we conclude that the procedure followed in this case was not improper. The trial judge allowed plaintiff to amend her complaint to add the specific allegations required to state a cause of action in malpractice. Despite the opportunity, plaintiff's amended complaint cured none of the problems of the earlier complaint. It merely added as a second count a charge of fraudulent concealment. This was the effective equivalent of declining the opportunity to make a more definite statement. Under these circumstances, we believe the judge had the discretion to grant the requested summary judgment.

Affirmed.