George D. UPSHUR and Linda Upshur

v.

George SHEPHERD.

Civ. A. No. 78–2309.

United States District Court,
E. D. Pennsylvania.

May 18, 1982.

George J. O'Neill, Philadelphia, Pa., for plaintiff.

Kean K. McDonald, LaBrum & Doak, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This case was tried to a jury on October 13th and 14th, 1981. On October 14th, 1981, the jury returned a verdict for defendant and the Court accordingly entered judgment in the defendant's favor. Plaintiff, an employee of the Pennsylvania Liquor Control Commission, was a passenger in a Commission van conducting business for his employer when the van skidded sharply from the right northbound lane of a four-lane divided highway into the left northbound lane, turning around 180 degrees during the skid. Defendant was driving his car in the left northbound lane. After the van skidded from the right northbound lane to the left northbound lane, it was hit by defendant's car. At trial, plaintiff alleged that the accident was due solely to defendant's negligence in failing to stop before hitting the van. Defendant alleged that he was confronted with a sudden emergency, that he reacted as a reasonable man in the face of this emergency, and his conduct was therefore not the proximate cause of the accident.

Plaintiff now requests a new trial, raising three grounds. First, plaintiff claims that this Court erred in not permitting him to present rebuttal testimony by an expert witness. Second, he claims error in that the Court sustained defendant's objection to a portion of plaintiff counsel's closing argument. Third, plaintiff claims error in that the Court overruled his objection to a portion of the instructions given to the jury.

For the reasons hereinafter set forth, plaintiff's motion for a new trial is denied.

■ During the plaintiff's closing argument, defense counsel objected to plaintiff's counsel explaining to the jury the law which the jury should apply to the evidence. The Court sustained the objection but did not strike counsel's remarks nor was the jury instructed to disregard those remarks. The relevant portion of the trial transcript reads:

MR. O'NEILL: Ladies and gentlemen, as I said before, I feel like I'm belaboring the obvious, but I admit I am trying to convince you that [plaintiff] George Upshur's version of this accident is the only believable one. And if you do believe him, it matters not whether you find that Alfred Salvatore, [the driver of the van in which plaintiff rode] was also negligent in causing the skid and the accident. Because it's clear that George Shepherd, [the defendant] the following car, the one coming up from the rear, was clearly negligent; and if both are negligent—

MR. McDONALD: I object, Your Honor. This sounds to me like getting into your province and what the law is, and so forth.

THE COURT: I think so. I will charge the jury on negligence.

MR. O'NEILL: All right.

Ladies and gentlemen, George Upshur is entitled to a verdict even if both drivers were negligent and causing this accident. Mr. Salvatore is not a party to this action. But both drivers, if they were negligent, would be responsible and still a verdict would have to be—

MR. McDONALD: Again I object, Your Honor.

THE COURT: Well, I know I sustained the objection. Let's proceed.

MR. O'NEILL: All right.

THE COURT: If you are finished, if not—

MR. O'NEILL: Ladies and Gentlemen . . . we believe that the sole cause—and we ask you to so find—that the sole cause of the accident was the negligence of George Shepherd.

The trial record reveals that the plaintiff's attorney failed to take exception to the Court's rulings in sustaining defendant's objections to his continuing to explain the applicable law to the jury. This failure to take exception bars plaintiff from now raising this ruling as a ground for a new trial. Nevertheless, the Court's ruling clearly was correct, as plaintiff's counsel twice attempted to instruct the jury concerning the liability of the driver of the van, who was not a party in this case, a subject beyond the proper scope of plaintiff's summation.

■ Plaintiff's third ground for new trial mirrors his second claim. At sidebar, after the Court instructed the jury, plaintiff's counsel requested the Court to additionally instruct the jury that it could find the defendant responsible for the accident even if it found both the defendant and the driver of the van, who was not a party, to be negligent. Plaintiff's counsel emphasized that he "just asked for clarification of [this] point." [N.T.] The Court denied plaintiff's request because it had already delivered the following charge which, in the Court's judgment, resolved the matter.

THE COURT: . . . for a defendant to be liable for the accident, you need not find that the defendant's conduct was the sole cause of the accident. A wrongful act may be the legal cause of the accident though other causes may have joined in producing the final result. It is sufficient if you find that defendant's conduct was either the sole cause or a substantial contributing cause in bringing about the accident.

. . . . .

An accident may proximately result from the combined breach of legal duties of two or more persons so long as the negligence of each is a substantial factor in bringing about the accident.

Furthermore, plaintiff's counsel stated in his opening and closing arguments and maintained throughout the trial that the accident in question resulted solely from the

negligence of the defendant. The Court instructed the jury, nevertheless, that it could find the defendant liable even if both drivers were negligent so long as the defendant's conduct was a substantial contributing factor in proximately causing the accident.

Plaintiff also claims error in that the Court did not permit his attorney to present rebuttal testimony by an expert witness. In reply to a request for an offer of proof, plaintiff's counsel stated that the expert would testify concerning the laws of motion applicable to skidding automobiles. In describing the accident, plaintiff testified that the van in which he rode skidded from the right northbound lane to the left northbound lane of the highway over a distance of 250–300 feet, turning 180 degrees in the process and coming to a complete stop in the left northbound lane before being hit by the car that defendant drove. Defendant testified that as he traveled in the left northbound lane, the van skidded into the left lane, turning 180 degrees in the process. Defendant further testified that he applied his brakes as fast as he was able and that he was unsure whether the van had come to a complete stop before impact.

On October 13th, after the defendant and the driver of the van presented testimony on behalf of the defendant, the Court was advised that there would be no further evidence. The following morning plaintiff's counsel stated that he wished to present as rebuttal evidence the testimony of an expert witness. Plaintiff's counsel stated that the expert would testify that the accident could not have happened in the exact manner testified to by the defendant and the driver of the van in which the plaintiff was a passenger, in that the laws of motion would have required the skidding van to continue skidding in the direction in which it had been traveling. The Court refused this request for several reasons: (1) expert testimony of this nature would not assist the trier of fact and could possibly have confused rather than aided the jury; (2) the testimony plaintiff sought to elicit would be at best cumulative of the testimony of the plaintiff on direct examination; (3) the testimony to be elicited from the expert witness was beyond the scope of rebuttal, in view of the fact that the defendant and the driver of the van testified in a manner substantially consistent with the testimony given by them in their depositions and presented no new evidence or legal theories requiring rebuttal. There was no need for expert testimony on the issue of the car's skid. Both parties to this action and the driver of the van in which plaintiff rode testified as to their recollection of the accident, including the van's speed, and the suddenness and length of its skid into the left lane of the highway. While the plaintiff described a slower, more gradual skid than did defendant, the jury was capable of understanding that the defendant was not claiming that the van leapt into the left lane at a 90 degree angle with no forward motion.

Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge *will assist the trier of fact to understand the evidence or to determine a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. (emphasis added).

Trial courts have a broad discretion to exclude expert evidence. *See* 3 *Weinstein's Evidence* § 702[02] at 702–8 to 702–14. The accident which was the focus of this trial involved an accident situation all too frequently found on our roads. The jury would not have been assisted by expert testimony in this case. Witnesses to the event had already described it to the jury. An expert testifying on the laws of physical motion and the parameters of possibility for skid speed and length could well have confused the jury rather than enlightening it. At the very least, expert testimony on this issue would have been a waste of time and should have been excluded from trial pursuant to Rule 403 of the Federal Rules of Evidence which states that

[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The expert testimony that plaintiff sought to present was not proper rebuttal evidence. The testimony of the defendant and the driver of the van in which plaintiff rode was well known to the plaintiff well in advance of trial. The depositions of both the defendant car driver and of the van driver revealed that they recalled a much swifter skid into the left lane than did the plaintiff. Plaintiff's attorney was well aware of the contents of these depositions, which were consistent with the testimony given by these two witnesses at trial. Indeed, plaintiff's counsel made use of these depositions in attempting to impeach their testimony at trial.

In no way was plaintiff's counsel surprised by the testimony of these witnesses and the fact their testimony differed from that of the plaintiff. Therefore, if plaintiff's counsel sought to present an expert witness to attempt to show that plaintiff's description of the accident was more consistent with the general laws of motion, he should have sought to present this expert witness during plaintiff's case-in-chief and listed this witness in the pre-trial order. He did neither. Federal Rule of Civil Procedure 16 provides that the pre-trial order "when entered controls the subsequent course of the action, unless modified at trial to prevent manifest injustice." This Court has allowed parties to call witnesses in rebuttal even if the witness was not discussed in a pre-trial order, so long as the witness and his testimony are within the scope of proper rebuttal. Such was not the case in this matter.

"[T]here is unanimous agreement that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief." *Bowman v. General Motors Corp.*, 427 F.Supp. 234, 240 (E.D.Pa.1977). Regarding rebuttal evidence, it is the "usual rule" to "exclude all evidence which has not been made necessary by the opponent's case in reply." 6 *Wigmore's Evidence* § 1873 at 672 (3d ed. 1940). *See also Hanrahan v. St. Vincent Hospital*, 516 F.2d 300 (8th Cir. 1975); *Glen Alden Coal Co. v. Commissioners of Schuylkill County*, 345 Pa. 159, 27 A.2d 239 (1942). The testimony of the defendant and the driver of the van, the only two defense witnesses, created no need for rebuttal by an expert.

The Court therefore finds all three grounds for a new trial raised by plaintiff to lack merit. The verdict of the jury is consistent with the evidence presented at trial. This Court finds no reason to disturb that verdict or to require a second trial in this matter. Plaintiff's motion will therefore be denied. An appropriate order will be accordingly entered.