NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2664
_____

JANE DOE,
                    Appellant

v.

LUZERNE COUNTY; RYAN FOY, in his Individual Capacity;
BARRY STANKUS, in his Individual Capacity
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil No. 3-08-cv-01155)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2014

Before: McKEE, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed: June 24, 2014)

_____

OPINION
_____

MCKEE, *Chief Judge*

    Plaintiff Jane Doe appeals the District Court's judgment for Defendants after a

trial on her claim for invasion of privacy.  She claims the District Court erred in

instructing the jury, allowing the testimony of a particular witness, and in denying a

*Batson* claim.  For the reasons that follow, we will affirm the judgment of the District Court.

As we write for the parties who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusion.[1]  The District Court initially granted the Defendants' motion for summary judgment and dismissed the entire case.  On appeal, we remanded for trial on only her right to privacy claim.  *Doe v. Luzerne County*, 660 F.3d 169 (3d Cir. 2011) ("*Doe I*").  After a four-day trial, the jury returned a verdict in favor of those Defendants.

## I.

Doe first challenges the jury instructions.  We exercise plenary review in determining whether the jury instructions stated the proper legal standard.  *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189 n.6 (3d Cir. 2011).  "As on all occasions when we consider jury instructions, we consider the totality of the instructions and not a particular sentence or paragraph in isolation." *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 366 (3d Cir. 2007) (citing *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995)).

Doe argues that the District Court improperly instructed the jury that Doe "must prove by a preponderance of the evidence that her breasts and/or buttocks were viewed or filmed by members of the opposite sex without her explicit or implicit consent.  Should

---

[1]  The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

2

you find that only her back, shoulders, arms and legs were viewed and/or filmed by members of the opposite sex, you should find that her constitutional right to privacy was not violated." A. 420. She argues that the instruction should have allowed the jury to consider whether the viewing and filming by members of the opposite sex established a violation of privacy under the totality of the circumstances established at trial.

The instruction given was consistent with our direction in *Doe I*. There, we "analyze[d] the specific circumstances under which the alleged violation occurred" to determine whether Doe had a reasonable expectation of privacy. 660 F.3d at 177. We found that "[u]nder the circumstances before us, the issues of whether Doe's breasts or buttocks were exposed would affect the outcome of the suit and thereby are material[;]" that is consistent with the instruction provided by the district court at trial. *Id*. at 178.[2]

Doe also argues that the District Court erred in instructing the jury that she had to show that she was viewed and/or filmed without her consent. However, in *Doe I* we explained that "[t]he right not to have intimate facts concerning one's life disclosed <u>without one's consent</u> is a venerable right…." *Id.* at 175 (emphasis added). Thus it was proper for the jury to consider whether Doe consented. When we decided *Doe I*, we reviewed the District Court's grant of summary judgment. We therefore interpreted all of the evidence in the light most favorable to Doe - the nonmoving party. At trial however,

---

[2] Doe also argues that the jury's question during deliberations shows that it would have returned a favorable verdict if it had been given the instruction she requested. Her argument is not material since the question was consistent with the instruction that was given and the instruction was an appropriate statement of the law.

3

the jury was the ultimate finder of fact as to consent.

## II.

Doe also contends that Defendants' introduction of the testimony of Mary Jean Farrell during their case in chief was improper because this witness was not disclosed to Doe before trial. We review the District Court's inclusion of a witness for abuse of discretion. *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). "District Courts have 'allowed parties to call witnesses in rebuttal even when they were not disclosed in a pretrial memorandum or order, as long as the witness and his[/her] testimony are within the scope of proper rebuttal [to the appellant's allegation].'" *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 558 (3d Cir. 2011), citing *Upshur v. Shepherd*, 538 F. Supp. 1176, 1180 (E.D. Pa. 1982). Defendants called Farrell as a witness to refute the trial testimony of Doe and two of her witnesses. There is nothing in Farrell's brief testimony to indicate that the District Court abused its discretion in allowing her to testify.

## III.

Finally, Doe alleges a *Batson* violation. This is based on the fact that Defendants used a peremptory strike to remove the only Black prospective juror in violation of the Fourteenth Amendment. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 616 (1991) (applying *Batson v. Kentucky*, 476 U.S. 79 (1986) to civil cases). Defendants allege that they struck this individual because he was the only prospective juror who had previously sued his employer for discrimination. Doe argues that this reason was

4

pretextual because there were other jurors who had filed charges against their employers. "Because the trial court's evaluation turns in large part upon the credibility and demeanor of the attorney exercising the challenge, the judge's determination is afforded considerable deference, and will not be reversed unless it is completely devoid of minimum evidentiary support displaying some hue of credibility, … or bears no rational relationship to the supportive evidence." *Forrest v. Beloit Corp.*, 424 F.3d 344, 350 (3d Cir. 2005) (citations and internal quotation marks omitted) (alteration in original).

However, Doe has not presented anything to support her claim of pretext, and we see nothing on this record that would allow us to conclude that the District Court erred in finding that Defendants' peremptory strike was not based on race.

IV.

For the reasons set forth above, we will affirm the judgment of the District Court.