FORTNER *v.* KOCH.

1. PLEADING—PURPOSE.

The object of a pleading is to apprise the court and opposite party of the pleader's claim.

2. SAME—CERTAINTY—DECLARATION.

Certainty to a common intent is all that is required in the declaration.

3. NEGLIGENCE—PLEADING.

A declaration in action of trespass on the case is sufficiently certain when the neglect of duty relied on and resultant injury are described with substantial accuracy.

4. PHYSICIANS AND SURGEONS—MALPRACTICE—DIAGNOSIS—ABANDONMENT—PLEADING.

Declaration in malpractice case, which alleged duty of defendant to exercise a certain degree of care in making diagnosis of plaintiff; to take proper X-rays; to examine infected tissue with microscope to determine cause of trouble; to inject no poisons in the blood stream and not to abandon plaintiff without cause and which alleged violation of such duties with resulting injuries *held,* sufficient.

5. SAME—SKILL REQUIRED.

A physician or surgeon is bound to follow the usual and ordinary practice of physicians and surgeons of ordinary learning, judgment or skill in his own or similar localities.

6. SAME—DIAGNOSIS—WASSERMANN TEST—NEGLIGENCE—EVIDENCE.

In action for malpractice the failure of declaration to state it was duty of defendant to take a Wassermann test *held,* not to render testimony tending to show defendant failed to take such a test inadmissible where testimony did show proper diagnosis in this case was not only to take a history of the patient

but also to have an X-ray made, a blood test taken and a biopsy made.

7. PLEADING—AVERMENT OF FACTS.

Facts required to be stated in a declaration, like those found by a special verdict, are deduced from other facts to be found from the testimony, and must be such as will enable the court to declare the law in the case.

8. SAME—BASIS OF ACTION.

Facts upon which the rights of a plaintiff depend are in a certain sense conclusions, but are nevertheless the kind of facts required in pleading in stating the plaintiff's cause of action, while the others are the testimony furnishing the evidence of these facts, and are not proper to state in the declaration.

9. SAME—MALPRACTICE.

The negligence, omissions and improper treatment by physician are stated as facts in declaration charging him with malpractice, and by them the defendant is notified with what misconduct he is charged.

10. SAME—TECHNICAL OBJECTIONS.

Technical objections to pleadings are no longer looked upon with favor by the courts and should be avoided as much as possible; the merits in each case should be reached as soon as possible.

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 12, 1936. (Docket No. 79, Calendar No. 39,025.) Decided October 6, 1936.

Case by Alfred Fortner against Drs. William F. Koch and John W. Stiers for malpractice. Discontinued as to defendant Stiers. Verdict and judgment for plaintiff. Defendant Koch appeals. Affirmed.

*Neal Fitzgerald,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendant.

SHARPE, J. The principal facts in this cause may be found in *Fortner* v. *Koch,* 272 Mich. 273 (38 N. C. C. A. 334), where the judgment was reversed and a new trial granted because of an error in the court's instruction. Upon a second trial the jury returned a verdict of $5,500 for plaintiff and judgment was entered thereon.

Defendant appeals and claims that plaintiff's declaration is insufficient because all that can be read into it is a cause of action for the positive wrongs of poisoning and abandonment and in refusing to dress and bandage the wound; because, although there is an allegation that defendant diagnosed the ailment as a bone infection there is no allegation of what the true ailment was, nor any statement that plaintiff was suffering from syphilis; and because there is no allegation that the lump was a syphilitic gumma and should have been treated as such or that if it had been so treated, the damages would not have been sustained. Defendant also contends that the declaration does not allege a cause of action based upon negligence in diagnosis and resulting erroneous treatment and that it was error to permit proof upon such issue; that the declaration does not allege that a Wassermann or blood test should have been taken or that injury resulted from its omission and that it was error to permit proofs upon such issue.

The trial court gave the following instructions to the jury all of which are claimed to be erroneous by the defendant because of the absence of supporting allegations in the declaration:

"If you find from the evidence that at the time, in the month of June, 1931, in the City of Detroit, or similar localities, it was the usual and customary practice among physicians and surgeons in this or

similar localities as a part of the diagnosis of such an affliction as the plaintiff appeared to have at the time, to take such blood tests known as Wassermann or Kahn tests and you find that the defendant did not take such blood tests, then I charge you that that would be evidence of negligence in the diagnosis and the defendant would be liable for such, if any, injury or damage as resulted proximately from such negligence. * * *

"Request No. 10. If you find from the testimony of the experts on the stand that the usual and ordinary practice of physicians and surgeons in Detroit and similar localities in diagnosing the nature and cause of a growth or swelling such as Mr. Fortner had on his left knee is to make a blood test, and that Dr. Koch did not do so, and Mr. Fortner was injured by this failure to make a blood test, he is guilty of negligence and liable for the proximate damages resulting to Mr. Fortner because of such negligence. * * *

"Request No. 14. If you find that Dr. Koch diagnosed Mr. Fortner's trouble as a sarcoma or old fracture, and treated it as such and without making any more investigation than taking a history and feeling the sore part with his hands and feeling plaintiff's clavicles, and that he did not take an X-ray picture, nor a blood test, nor examine a section of tissue, and that such diagnosis was incorrect, and that Mr. Fortner suffered damages because these things were not done, if you believe that the usual and ordinary practice of physicians and surgeons in Detroit and like localities requires that these latter things be done, then that would be evidence of negligence and he would be liable for damages to Mr. Fortner proximately resulting therefrom.

"No. 15. If you find that Dr. Koch permitted this open sore on Mr. Fortner's knee to go for 12 weeks without any treatment other than the application

of hot and cold compresses, dry dressings, boric acid solution, tallow and an antiseptic solution to relieve the smell, and that the defendant did not curette the sore or open it to promote drainage or wash it with antiseptic solution, and if you believe and find from the evidence that the usual and ordinary practice of physicians and surgeons in Detroit and similar localities is to do these latter things under similar circumstances, and that Mr. Fortner was damaged because of the failure to do these things, then you may find the defendant negligent and liable to the plaintiff for such, if any, damage as resulted proximately from such negligence.''

In *Merkle* v. *Township of Bennington,* 68 Mich. 133, the court said:

''The object of a pleading is to apprise the court and opposite party of the pleader's claim. Certainty to a common intent is all that is required in the declaration, and this is attained, in actions of trespass on the case for negligence, when the neglect of duty relied on and resultant injury, are described with substantial accuracy.''

From an examination of the declaration filed in this cause we find in paragraph 7 that plaintiff avers it to be the duty of defendant:

''(a) To exercise reasonable skill and care as is usually exercised by physicians and surgeons in this and like communities in making such diagnosis.

''(b) To take proper X-rays for the purpose of making a diagnosis of the infected bone area.

''(c) To take specimens of the tissue of the infected area and microscopically examine the same to determine the cause of said trouble.

''(d) To inject no poisons or harmful drugs into the blood stream of the plaintiff.

''(e) To not abandon the treatment of plaintiff without any cause whatsoever.''

And in paragraph 10 it is charged that defendant:

"(a) Negligently failed to exercise a reasonable degree of care and skill as is usually exercised by physicians and surgeons practicing in this and like localities.

"(b) And did not take proper X-rays for the purpose of making the proper diagnosis of the infected bone area.

"(c) And did not take specimens of the tissue of the infected area and microscopically examine the same to determine the cause of said trouble.

"(d) And did inject poisons or harmful drugs into the blood stream of the plaintiff.

"(e) And did abandon the treatment of plaintiff without any cause whatsoever."

Paragraph 16 states that the injury was caused by defendant's negligence.

"It is contended that the declaration, notwithstanding the fact that defendant has pleaded the general issue, was insufficient to justify the introduction of any testimony. Defendant's principal objection to the declaration—and his other objections are of like character—is that it contains no averment that the alleged false representations induced the plaintiff to part with his property. The declaration, which consists of 56 printed pages, does, however, clearly state a cause of action. If the averment in question is not charged in precise language, it is charged by inference. We therefore hold that the defendant should have raised this objection * * * by special demurrer, and it cannot be considered after he pleaded the general issue." *McDonald* v. *Smith*, 139 Mich. 211.

We think the declaration is sufficient, it alleges the duty of defendant to exercise a certain degree of care in making the diagnosis; to take proper X-rays;

to examine the tissue of the infected area with a microscope for the purpose of determining the cause of the trouble; to inject no poisons in the blood stream; and not to abandon plaintiff without cause. The declaration also alleged the violation of these duties with resulting injuries.

In the trial of the cause objection was made to the admission of testimony which tended to show that defendant failed to take a Wassermann test, curette, or wash the wound with antiseptic solutions. When this cause was before us before we said:

"A physician or surgeon is bound to follow the usual and ordinary practice of physicians and surgeons of ordinary learning, judgment or skill in his own or similar localities."

The testimony shows that the proper method of diagnosis in this case was not only to take a history of the patient but also have an X-ray made, a blood test taken and a biopsy made. The failure of the declaration to state that it was the duty of defendant to do a Wassermann is not fatal. The defendant as a physician and surgeon knew or should have known that this was one of the steps in making a proper diagnosis of the case.

In *Hanselman* v. *Carstens,* 60 Mich. 187, we said:

"The facts required to be stated in the declaration, like those found by a special verdict, are deduced from other facts, to be found from the testimony, and must be such as will enable the court to declare the law in the case; so that it will be seen that the facts upon which the rights of the plaintiff are made to depend are in a certain sense conclusions, but are nevertheless the kind of facts required in pleading in stating the plaintiff's cause of action, while the others are the testimony furnishing

the evidence of those facts, and not proper to be given in the declaration. * * * This, we understand to be the rule and which is in harmony with the views heretofore expressed by this court, so far as it has said anything upon the question. *Lucas* v. *Wattles,* 49 Mich. 380. * * *

"The negligence, omissions, and improper treatment by the defendant are stated as facts, and by them the defendant is notified with what misconduct in his profession he is charged. He must therefore necessarily understand that the circumstances which will show, or tend to show, such misconduct will be made the issue upon the trial, and it is entirely unnecessary to set them out in the declaration. The whole object of pleading is fully accomplished without this being done, and much prolixity in the declaration is avoided by the omission.

"Technicalities like those raised by this demurrer should, as much as possible, be avoided. They are no longer looked upon with favor by the courts. The merits in every case should be reached as soon as possible.

"The omission of the circumstances in the declaration in this case, whatever they may be, could not well prejudice the defendant, for they were necessarily more properly and peculiarly within the knowledge of the surgeon, who is guilty of the wrong charged, if any, than they possibly could be within that of the plaintiff."

The judgment of the lower court is affirmed, with costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell and Toy, JJ., concurred. Potter, J., did not sit.