HILL v FREEMAN

Docket No. 54850. Submitted March 2, 1982, at Detroit.—Decided
    July 13, 1982. Leave to appeal applied for.

Rosalyn Hill brought an action in medical malpractice against
    Richard Freeman, M.D., alleging that Freeman had negligently
    performed a subtotal thyroidectomy on plaintiff and had failed
    to warn the plaintiff of the possible risks associated with the
    surgery. The Wayne Circuit Court, Maureen P. Reilly, J.,
    granted partial summary judgment in favor of defendant, hold-
    ing that plaintiff had failed to plead specific facts sufficient to
    sustain the claim of negligent performance of the surgery. The
    trial proceeded on the issue of informed consent, and the jury
    found no cause of action. Plaintiff appeals, alleging that the
    grant of partial summary judgment was error. *Held:*

    1. The complaint was deficient in that it did not provide the
    defendant with reasonable notice of the allegations to be de-
    fended against by failing to apprise the defendant of the
    specific nature of plaintiff's claim.

    2. Plaintiff's claim that her answers to interrogatories made
    up for the deficiencies in the complaint fails because the trial
    court, in ruling on a motion for summary judgment, must
    consider only the pleadings. The court may not consider the
    results of discovery.

    3. Plaintiff's counsel, in pretrial proceedings, apparently led
    defense counsel to believe that the theory of negligent perfor-
    mance of surgery would not be pursued. Thus, defendant's
    failure to request a more definite statement is understandable.
    Furthermore, such a request is not necessary before seeking
    summary judgment.

        Affirmed.

1. PLEADING — SUMMARY JUDGMENTS.

    A complaint is deficient, and summary judgment is not improper,

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 14.
[2, 3] 61A Am Jur 2d, Pleading § 230.
    73 Am Jur 2d, Summary Judgment §§ 26, 27.

where it does not provide the defendant with reasonable notice of the allegations to be defended against.

2. JUDGMENTS — SUMMARY JUDGMENTS — SUFFICIENCY OF PLEADINGS.
A defendant need not request a more definite statement of the plaintiff's allegations before seeking summary judgment for failure to state a claim upon which relief may be granted (GCR 1963, 117.2[1]).

3. JUDGMENTS — SUMMARY JUDGMENTS — SUFFICIENCY OF PLEADINGS.
A trial court's ruling on a motion for summary judgment for failure to state a claim upon which relief may be granted must be based solely on the sufficiency of the pleadings; the court may not consider the results of discovery (GCR 1963, 117.2[1]).

*Tyler & Canham, P.C.* (by *David M. Tyler* and *Michael J. Walter),* for plaintiff.

*Sullivan, Ward & Bone, P.C.,* for defendant.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit court granting partial summary judgment in favor of defendant.

On July 22, 1976, plaintiff filed a medical malpractice complaint against defendant Richard Freeman, M.D., and against Outer Drive Hospital in Lincoln Park. On November 29, 1977, the hospital was dismissed from the case on the ground of governmental immunity. The remaining portions of the complaint included allegations that defendant Freeman negligently failed to warn plaintiff of the possible risks associated with a surgical procedure known as subtotal thyroidectomy and that defendant negligently performed on plaintiff a subtotal thyroidectomy which resulted in severe and permanent damage to plaintiff's throat and vocal chords.

* Circuit judge, sitting on the Court of Appeals by assignment.

The case was tried before a jury in October 1980. On the second day of jury selection and before opening statements, defendant registered an objection to the anticipated introduction by plaintiff of evidence of defendant's alleged negligence in the actual performance of surgery. Defendant stated that plaintiff's counsel had made certain representations during discovery and pretrial conference that had indicated that plaintiff did not intend to proceed with the charge of negligent performance of the surgery. Consequently, defendant was not prepared to defend against that claim and was only prepared to defend against the informed consent claim. Defendant also argued that plaintiff should not in any event be permitted to proceed with the charge that Dr. Freeman negligently performed a subtotal thyroidectomy since it was not sufficiently pled under Michigan law.

The trial court treated defendant's objection as a motion for partial summary judgment on the issue of negligent performance of surgery and held that, under *Simonelli v Cassidy,* 336 Mich 635; 59 NW2d 28 (1953), and its progeny, plaintiff had failed to plead facts specific enough to sustain a cause of action on the negligent performance issue. The court issued an order for partial summary judgment pursuant to GCR 1963, 117.2(1), and the case proceeded to trial on the informed consent issue. On October 22, 1980, the jury returned a verdict of no cause of action.

Plaintiff's sole contention on appeal is that the trial court erred in granting defendant's motion for partial summary judgment.

The proper standard of review of allegations of medical malpractice is somewhat unclear. In *Simonelli, supra,* the Supreme Court affirmed a trial court's determination that a particular malprac-

tice complaint's allegations of negligence were insufficiently specific. The *Simonelli* Court cited some general rules governing the sufficiency of pleadings, and then applied those rules to the case before it in the following manner:

"While the plaintiff alleges that the defendant was negligent, he does not allege the proper or safe way of operating nor does he say that the cutting of the artery itself was negligent. It is possible that under the most accepted and advanced surgical methods it would be necessary to sever the carotid artery in order to correct certain specific maladies. However, we can only conjecture, for we are not informed as to the type of malady or disease from which the plaintiff's wife suffered, the accepted method of diagnosing the malady, or the proper treatment of such malady when discovered. Nor are we informed as to the proper method, if one exists, of protecting the person being operated upon in the event it becomes necessary to cut the carotid artery. To repeat, except for conclusions and general allegations of negligence, the declaration informs us of nothing more than the cutting of the artery. We do not believe that such allegations constitute a sufficient statement of facts to establish a cause of action." *Simonelli, supra,* 643.

The above passage has been interpreted to mean that all medical malpractice complaints must include a description of the accepted standard of care. See *Bryson v Stone,* 33 Mich App 512; 190 NW2d 336 (1971), *lv den* 385 Mich 774 (1971). Moreover, several panels of this Court appear to have assumed that the *Simonelli* Court intended to impose a higher burden of pleading on malpractice claimants. See, *e.g., Haase v DePree,* 3 Mich App 337, 341; 142 NW2d 486 (1966), *O'Toole v Fortino,* 97 Mich App 797, 803; 295 NW2d 867 (1980).

We find this reading of *Simonelli* highly questionable. The plaintiff in *Simonelli* had failed to

include sufficient factual averments to pass muster even under general pleading rules. Thus, there was no need for the Court to announce a radical new departure from the usual approach; disposition of the case could have been accomplished (and perhaps was) through application of the traditional rules.

Significantly, the Supreme Court relied upon the traditional analysis in two cases decided prior to *Simonelli.* See *Fortner v Koch,* 277 Mich 429; 269 NW 222 (1936), *O'Rourke v Deffenbaugh,* 280 Mich 407; 273 NW 749 (1937). The *Simonelli* Court did not purport to overrule either of these cases.

We need not decide, however, whether previous interpretations of *Simonelli* by this Court are incorrect, since we are convinced that even under traditional pleading rules plaintiff's complaint is deficient inasmuch as it does not provide defendant with reasonable notice of the allegations to be defended against. Although plaintiff alleged that the surgery was negligently performed, the complaint fails to apprise defendant of the specific nature of plaintiff's charge. Was plaintiff claiming that the surgery was unnecessary? Or was plaintiff claiming that defendant had negligently cut a vein or muscle? Or was plaintiff claiming that defendant had failed to direct the administration of necessary post-surgical treatment? The complaint offers no clue.

Recognizing this deficiency, plaintiff suggests that certain responses to defendant's interrogatories gave defendant fair notice of the nature of the claim. Plaintiff also submits that defendant could have moved for a more definite statement if he was truly unaware of the substance of the claim.

Under Michigan law, a defendant need not request a more definite statement before seeking summary judgment. As for plaintiff's claim that

her interrogatory responses made up for the defects in her complaint, we need only observe that a trial court's review of a motion for summary judgment under GCR 1963, 117.2(1) must be based solely upon the sufficiency of the pleadings; the court may not consider the results of discovery. Plaintiff's proper course of action, in response to defendant's motion, would have been to move to amend her complaint. The trial court would then presumably have permitted such an amendment if it found that the interrogatory responses afforded defendant reasonable notice of the nature of the claim. However, plaintiff did not move to amend her complaint, and the trial court did not err in finding the pleadings insufficient. Summary judgment was properly granted.

Plaintiff's counsel apparently led defense counsel to believe that plaintiff did not intend to pursue the negligent performance of surgery claim, and intended to rely solely on the informed consent theory. Plaintiff's counsel included the following statement in plaintiff's mediation summary:

"The plaintiff acknowledges that it cannot establish that the defendant Richard Freeman committed medical malpractice in the performance of the procedure of the thyroidectomy, but it is the contention of the plaintiff in this case that the defendant did not properly and adequately advise the plaintiff of the risks involved and did not properly obtain her consent for the performance of the subtotal thyroidectomy."

Under the circumstances, we find understandable defendant's failure to request a more definite statement or to move for summary judgment at an earlier time.

The judgment of the trial court is affirmed. Defendant may tax costs.