MARTINEZ v REDFORD COMMUNITY HOSPITAL

Docket No. 79312. Submitted May 15, 1985, at Detroit.—Decided January 7, 1986.

Plaintiffs, Rafael and Iris Martinez, filed a medical malpractice action against defendants, Redford Community Hospital and S. Maitra, M.D., in Wayne Circuit Court. Defendants filed a motion for a more definite statement under GCR 1963, 115.1. The circuit court granted the motion after a hearing. Plaintiffs thereafter filed an amended complaint, in response to which, defendants moved to strike and dismiss the action, arguing that the amended complaint still did not contain, as the court rule required, averments specific enough to reasonably inform them of the cause which they were called upon to defend. After a hearing on defendants' motion, the circuit court, Henry J. Szymanski, J., entered an order granting defendants' motion. Plaintiffs appealed as of right. *Held:*

Plaintiffs failed to plead such specific averments as are necessary to inform defendants of the nature of the cause they were called upon to defend. Plaintiffs' complaint merely consisted of conclusions and general allegations of negligence which informed defendants of nothing more than an injury to the deltoid muscle of plaintiff Rafael Martinez. The trial court properly dismissed plaintiffs' action.

Affirmed.

1. PLEADING — COMPLAINTS — COURT RULES.

A complaint must contain such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend; the requirement of specificity is to provide the defendant with sufficient notice to prepare a defense to the charges (GCR 1963, 111.1[1]).

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 326-328.

Am Jur 2d, Pleading §§ 68 *et seq.,* 99 *et seq.*

Amendment purporting to change the nature of the action or theory of recovery, made after statute of limitations has run, as relating back to filing of original complaint. 7 ALR3d 82.

See also the annotations in the ALR3d/4th Quick Index under Malpractice.

2. Negligence — Pleading — Complaints.

A plaintiff in a negligence cause of action must plead facts sufficient to reasonably inform defendant of the existence of a duty, a breach of that duty, the injury suffered and the causal relationship between the breach and the injury.

3. Pleading — Medical Malpractice — Specificity of Pleadings.

The degree of specificity required in pleading a cause of action based on medical malpractice flows from the circumstances of the case and from the nature of the action itself; thus, where the facts which form the basis of an action are outside the common knowledge of the ordinary layperson, a greater degree of specificity in the complaint will be required so as to lead a court to draw but one inference from the facts.

4. Pleading — Medical Malpractice — Specificity of Pleadings.

A plaintiff in an action for medical malpractice based on a physician's deviation from a specific standard of care must indicate the standard of care and how the physician deviated from it in order to provide the defendant with allegations specific enough to inform him of the nature of the cause which he is called upon to defend (GCR 1963, 111.1[1]).

5. Pleading — Medical Malpractice — Specificity of Pleadings.

A plaintiff in a medical malpractice action does not bear a burden of pleading which is greater than that of a plaintiff in any other negligence action; the court rule requiring pleadings to be specific merely requires that a medical malpractice cause of action be specific enough to provide a defendant with notice of the allegations against which to defend; it is the nature of the cause of action itself which will dictate the degree of specificity required, *i.e.,* the more complex the action, the more specific the averments should be (GCR 1963, 111.1[1]).

*Raymond R. Burkett,* for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Mark S. Cherniak),* for defendant.

Before: Beasley, P.J., and Gribbs and R. R. Lamb,* JJ.

Per Curiam. Plaintiffs appeal as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

an order of the circuit court granting defendants' motion to strike plaintiffs' amended complaint and dismiss their medical malpractice case. GCR 1963, 115, now MCR 2.15. We affirm and hold that the degree of specificity required in pleading a medical malpractice action flows from the circumstances and nature of the case rather than from any objective heavier burden of pleading imposed on medical malpractice actions.

Plaintiffs filed a medical malpractice complaint against defendants on February 19, 1984. Defendants subsequently moved for a more definite statement pursuant to GCR 1963, 115.1, the motion was heard on April 6, 1984, and an order granting the motion was entered on April 11, 1984. In response to this order plaintiffs filed an amended complaint on May 7, 1984. Defendants moved to strike the amended complaint and dismiss the action, arguing that the amended complaint still did not meet the requirements of GCR 1963, 111.1(1), now MCR 2.111(B), which requires that the averments in a complaint be specific enough to reasonably inform the defendants of the cause which they are called upon to defend. The motion was heard on June 15, 1984, and an order granting defendants' motion was entered on June 27, 1984. It is from this order that plaintiffs appeal.

Plaintiffs' amended complaint provided in pertinent part:

"4) That on or about April 22, 1982, Plaintiff, relying on the aforesaid profession and representation by Defendant that he was so skilled and able, engaged Defendant to diagnose and treat a painful condition of his left shoulder; and was advised by Defendant that such condition could be cured or alleviated by an operation on the shoulder.

"5) That on or about June 22, 1982, Defendant under-

took to, and did perform said operation on Plaintiff's left shoulder in Redford Community Hospital at Redford, Michigan.

"6) *That said operation was unnecessary and/or improperly performed.*

"7) That is was the duty of the Defendant to take a proper history from Plaintiff to diagnose his condition, taking proper *x-rays* and using reasonable, appropriate and necessary tests; *to exercise reasonable skill and care as is usually exercised by physicians and surgeons in this and like communities in diagnosing diseases and ailments and in performing surgery;* to determine the necessity for treatment and particularly operative procedures; to advise Plaintiff of the reasonable expections *[sic]* of risk and possibility of harm from procedures and operation Defendant would perform so that Plaintiff might make a reasonably informed choice; not to prescribe operation on Plaintiff's shoulder without first determining the necessity therefor and attempting conservative treatment; not to undertake to perform an operation which he was not qualified to perform either by training or experience, and not to represent that he was so qualified; to properly and skillfully perform said operation, not to cut unnecessarily the various muscles of the left shoulder; reclose the operative wound properly; to give Plaintiff proper post-operative care; not to remove sutures until the wound had healed sufficiently; to discharge Plaintiff from the hospital at a safe time and with proper instructions; to continue to treat Plaintiff, and not to refuse necessary attention.

"8) That notwithstanding his duties in the premises, defendant was guilty of one or more of the following *negligent* and unskillful acts and omissions in connection with his treatment of Plaintiff:

"(a) Cutting into and through, or bruising or otherwise injuring unnecessarily the deltoid muscle of the left shoulder;

"(b) Failing to properly close the operative wound;

"(c) Failing to advise plaintiff of the reasonable expectations of risk and the possibility of harm from the proposed operation and procedures, so that Plaintiff could make an informed choice;

"(d) Failing to take a proper and complete history from Plaintiff;

"(e) Failing to use appropriate, necessary and reasonable tests and procedures to diagnose Plaintiff's condition;

"(f) Performing improperly and unskillfully an operation which he was not qualified either by experience or taining *[sic]* to do;

"(g) *Failing to exercies* [sic] *reasonable skill and care as is usually practiced and exercised by physicians and surgeons in this community and similar localities.*" (Emphasis in original.)

The issue in this case is whether the averments in plaintiffs' amended complaint were specific enough to reasonably inform defendant of the nature of the medical malpractice cause of action they were called upon to defend as required by GCR 1963, 111.1(1). In resolving this issue we examine the Supreme Court's decision in *Simonelli v Cassidy,* 336 Mich 635; 59 NW2d 28 (1953), the leading case on the specificity of pleadings in medical malpractice actions, in conjunction with GCR 1963, 111.1(1).

GCR 1963, 111.1(1), which is similar to the court rule in effect at the time *Simonelli, supra,* was decided,[1] requires the plaintiff to give notice of the nature of the claim sufficient to permit the preparation of a meaningful response. *O'Toole v Fortino,* 97 Mich App 797, 801; 295 NW2d 867, *lv den* 410 Mich 863 (1980). The rule provides:

"A pleading * * * shall contain

---

[1] The court rule in effect at the time *Simonelli, supra,* was decide provided:

"The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend. Each allegation shall be set forth in a separate paragraph, and the various paragraphs shall be numbered consecutively." Court Rule No 19, § 1 (1945).

"(1) a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend;"

In *Simonelli, supra,* plaintiff instituted suit against defendant for damages resulting from defendant's malpractice in the diagnosis and treatment of plaintiff's wife and alleged the following two counts of medical malpractice:

"In count 1 it is alleged that the defendant was employed by the plaintiff to examine, diagnose and treat 'a certain malady which existed on the left side of the neck of plaintiff's wife;' that defendant 'induced * * * plaintiff's wife to undergo an operation for said malady;' that he 'did operate' and 'did cut the carotid artery;' and that the 'defendant * * * did fail to properly diagnose the condition of plaintiff's wife and so unskillfully and negligently conducted himself in the treatment and surgery of plaintiff's wife' that she was permanently injured.

"In count 2 plaintiff says that it was the duty of defendant 'to take proper care and precautions to avoid a sudden blocking off of the blood to the head by the cutting of the carotid artery, to take proper precautions and make proper preparations in the event it would be necessary to block off the carotid artery;' and that said defendant was negligent in that he failed to carry out those duties, all of which resulted in injury to plaintiff's wife." *Simonelli, supra,* p 641.

The trial court in *Simonelli* found that this declaration did not state a cause of action and dismissed the case. On appeal to the Supreme Court, plaintiff argued that, since in a medical malpractice cause of action the facts are within the knowledge of defendant, it would be impossible for plaintiff to allege with any degree of particularity the wrongful acts committed by defendant

as well as those acts defendant should have performed as a medical practitioner. Defendant argued that plaintiff alleged only conclusions without alleging facts to show defendant's negligence. The Supreme Court affirmed the trial court's dismissal of plaintiff's claim, reasoning:

"Plaintiff has alleged negligence in failing to diagnose an undefined malady and in failing to take proper precautions to prevent injury during the course of the operation, but we find only 1 specific factual statement. That is, that in the operation defendant cut the carotid artery. While the plaintiff alleges that the defendant was negligent, he does not allege the proper or safe way of operating nor does he say that the cutting of the artery itself was negligent. It is possible that under the most accepted and advance surgical methods it would be necessary to sever the carotid artery in order to correct certain specific maladies. However, we can only conjecture, for we are not informed as to the type of malady or disease from which the plaintiff's wife suffered, the accepted method of diagnosing the malady, or the proper treatment of such malady when discovered. Nor are we informed as to the proper method, if one exists, of protecting the person being operated upon in the event it becomes necessary to cut the carotid artery. To repeat, except for conclusions and general allegations of negligence, the declaration informs us of nothing more than the cutting of the artery. We do not believe that such allegations constitute a sufficient statement of facts to establish a cause of action." *Simonelli, supra,* p 643.

In holding that the declaration did not state a cause of action as a matter of law, the Court quoted approvingly from 70 CJS, § 61, p 985, and its earlier decision in *Creen v Michigan C R Co,* 168 Mich 104; 133 NW 956 (1911):

" 'In an action for damages occasioned by the negligence or malpractice of a physician or surgeon, every

fact necessary to constitute a cause of action must be alleged in the declaration, complaint, or petition, and, moreover, *such facts must be alleged with reasonable definiteness and certainty,* although it is not necessary to couch the declaration in the technical language of the medical profession. Thus, *it is essential to allege, with reasonable definiteness and certainty, the duty of the physician or surgeon to the person injured, the breach of duty complained of, the causal relation between the breach of duty and the injuries complained of, and resulting damage.* Irrelevant and immaterial allegations should be stricken on demurrer, such as allegations which do not state issuable facts, but mere conclusions.

" 'Where the breach of duty relied on is negligence in the treatment of the patient, it is not sufficient merely to state that certain acts not negligent in themselves were done or omitted by the physician or surgeon without alleging that they were negligently done or omitted.' 70 CJS, § 61, p 985.

" 'When a declaration fails to advise the defendant with reasonable certainty, according to the circumstances of the case, of the facts upon which plaintiff proposes to rely, and will seek to prove it, it cannot be sustained.' *Creen v Michigan Central R Co,* 168 Mich 104 (Ann Cas 1913C 98)." (Emphasis added.) *Simonelli, supra,* p 644.

Panels of this Court appear to have interpreted *Simonelli* as requiring medical malpractice complaints to include an allegation as to the applicable standard of practice and as placing a higher burden on pleading medical malpractice causes of action. *Welniak v Alcantara,* 100 Mich App 714; 300 NW2d 323 (1980); *O'Toole v Fortino, supra,* p 803; *Bryson v Stone,* 33 Mich App 512, 518; 190 NW2d 336 (1971); *Haase v DePree,* 3 Mich App 337, 341; 142 NW2d 486 (1966). We do not agree

that *Simonelli* places such a higher burden of pleading on a malpractice plaintiff.[2]

In a negligence cause of action plaintiff must plead facts sufficient to reasonably inform defendant of the existence of a duty, a breach of that duty, the injury suffered and the causal relationship between the breach and the injury. *Roulo v Automobile Club of Michigan,* 386 Mich 324, 328; 192 NW2d 237 (1971). The Supreme Court's opinion in *Simonelli* says no more and no less than this with specific reference to medical malpractice actions.

The "with reasonable definiteness and certainty" language cited in the CJS passage quoted in *Simonelli, supra,* p 644, does not set forth a heavier burden of pleading in medical malpractice cases than the "necessary reasonably to inform" language in GCR 1963, 111.1, applicable to all actions. The specificity required in any case, including a medical malpractice action, depends upon the circumstances of the case. This was underscored by the Supreme Court's citation in *Simonelli* to *Creen, supra,* a case which involved the negligence of a railroad company, not medical malpractice. The Court cited *Creen* for the proposition that a declaration must advise a defendant with reasonable certainty, *according to the circumstances of the case,* of the facts upon which plaintiff relies. *Simonelli, supra,* p 644.

Neither *Simonelli* nor GCR 1963, 111.1(1) require pleadings in a medical malpractice cause of action to be more specifically pled than in other negligence or malpractice actions. Rather, the degree of specificity required flows from the circum-

[2] Although this Court in *Welniak,* 100 Mich App 714, 716, interpreted *Simonelli, supra,* as requiring that medical malpractice complaints contain specific allegations and reference to prevailing medical standards, it recognized that such specificity arises from the nature of medical malpractice cases. See discussion in text, *infra.*

stances of the case and from the nature of the action itself. Many medical malpractice actions involve a complex and technical factual basis which is outside the knowledge of the ordinary layperson. In considering the averments provided in a complaint "the court must be able to draw but one inference from the facts, as stated, and not from the pleader's inferences". *Schindler v Milwaukee, L S & W R Co,* 77 Mich 136, 153-154; 43 NW 911 (1889). Thus where the facts which form the basis of the action are outside the common knowledge of the ordinary layperson, a greater degree of specificity in the complaint will be required so as to lead the court to only one inference. This generalization is not a hard and fast rule peculiar to medical malpractice actions but, rather, the simple application of GCR 1963, 111.1(1) to any factually complicated lawsuit. See *O'Rourke v Deffenbaugh,* 280 Mich 407; 273 NW 749 (1937), and *Fortner v Koch,* 277 Mich 429; 269 NW 222 (1936), where the Court relied upon the traditional theories of pleading negligence in deciding whether a complaint sufficiently stated a cause of action for medical malpractice.

Thus, medical malpractice cases based on a physician's deviation from a specific standard of care must indicate the standard of care and how the physician deviated from it in order to provide the defense with allegations specific enough to inform it of the nature of the cause which it is called upon to defend. GCR 1963, 111.1(1). The Supreme Court's observation in *Simonelli* that the complaint did not allege the proper safe or accepted methods of operating, diagnosing or treating, and contained only general allegations of negligence and informed the court only that a carotid artery was cut, was simply an application of this principle to the case before it. However, not all medical

malpractice cases require detailed and technical pleadings containing a specific accepted standard of care. For example, if the alleged malpractice consisted of the mistaken amputation of a healthy right limb when the left limb was to have been amputated, the factual basis of such negligence is within the common knowledge of the ordinary layperson and such a claim may be pled with less specificity than the ordinary medical malpractice case.[3]

Recently two panels of this Court have, in dicta, also questioned the traditional interpretation of *Simonelli.* In *Hill v Freeman,* 117 Mich App 788; 324 NW2d 504 (1982), *lv den* 417 Mich 1004 (1983), plaintiff averred (1) that defendant negligently failed to warn plaintiff of the possible risks associated with a surgical procedure known as subtotal thyroidectomy and (2) that defendant negligently performed a subtotal thyroidectomy resulting in severe and permanent damage to plaintiff's throat and vocal cords. Defendant argued that plaintiff should not be permitted to proceed with the charge that defendant negligently performed the subtotal thyroidectomy since it was not sufficiently pled.

The trial court in *Hill, supra,* treating the objection as a motion for partial summary judgment, granted the motion holding that under *Simonelli* and its progeny plaintiff failed to plead facts specific enough to sustain a cause of action on the negligent performance issue. On appeal, this Court affirmed the trial court but in dicta questioned the traditional interpretation of *Simonelli:*

"*[Simonelli]* has been interpreted to mean that all

---

[3] See *Bryson,* 33 Mich App 512, 519, where this Court found that the specificity required in *Simonelli, supra,* was not required in a case involving unnecessary surgery as opposed to negligently performed surgery.

medical malpractice complaints must include a description of the accepted standard of care. See *Bryson v Stone,* 33 Mich App 512; 190 NW2d 336 (1971), *lv den* 385 Mich 774 (1971). Moreover, several panels of this Court appear to have assumed that the *Simonelli* Court intended to impose a higher burden of pleading on malpractice claimants. See, *e.g., Haase v DePree,* 3 Mich App 337, 341; 142 NW2d 486 (1966), *O'Toole v Fortino,* 97 Mich App 797, 803; 295 NW2d 867 (1980).

"We find this reading of *Simonelli* highly questionable. The plaintiff in *Simonelli* had failed to include sufficient factual averments to pass muster even under general pleading rules. Thus, there was no need for the Court to announce a radical new departure from the usual approach; disposition of the case could have been accomplished (and perhaps was) through application of the traditional rules.

"Significantly, the Supreme Court relied upon the traditional analysis in two cases decided prior to *Simonelli.* See *Fortner v Koch,* 277 Mich 429; 269 NW 222 (1936). The *Simonelli* Court did not purport to overrule either of these cases." *Hill, supra,* pp 791-792.

Finding that under the traditional pleading rules plaintiff's complaint failed to provide defendant with reasonable notice of the allegations against which defendant was to defend, this Court did not decide whether previous interpretations of *Simonelli* as requiring a higher burden of pleading for medical malpractice cases were incorrect.

In *Belobradich v Sarnsethsiri,* 131 Mich App 241; 346 NW2d 83 (1983), plaintiff's expert witness testified that defendant violated the standard of orthopedic care by closing the fascia without allowing for drainage of the leg and by using an inadequate capillary/pinch test for circulation. Defendant objected to the admission of this testimony, arguing that these claims of medical malpractice had not been specifically alleged in the complaint. The trial court held that the complaint did cover the medical malpractice claims and ad-

mitted the testimony. Affirming the trial court on appeal, this Court acknowledged that, while some panels of this Court have interpreted *Simonelli* as requiring an elevated degree of specificity in alleging malpractice claims, the panel in *Hill, supra,* suggested in dicta that *Simonelli* did not intend a departure from general pleading rules in malpractice cases. The *Belobradich* Court however refused "to solve the *Simonelli* riddle" because the same result would be achieved under either standard.

In "solving the *Simonelli* riddle"[4] we find that there is no language in *Simonelli* justifying an important departure from the traditional rules of pleading and negligence. Instead, we find that the Court in *Simonelli* applied the general rules of pleading and negligence to the facts before it. Thus, it is the nature of the cause of action itself which will dictate the degree of specificity required, *i.e.,* the more complex the action, the more specific the averments should be. The application of GCR 1963, 111.1(1) to a medical malpractice lawsuit merely requires that a cause of action be specific enough to provide defendant with notice of the allegations against which to defend.

---

[4] We recognize that if plaintiffs' complaint fails to meet the general pleading requirements it would also fail to meet any elevated burden of pleading. Viewed in this light our resolution of the *"Simonelli* riddle" may seem as unnecessary as it was in *Hill, supra,* and *Belobradich, supra.* However, we find it necessary to focus on the issue of what is required in pleading a medical malpractice claim rather than on the result for the following reason. Since the Court's opinion in *Simonelli, supra,* is simply an application of the general rules of pleading to the specific circumstances of a medical malpractice case, panels of this Court applying *Simonelli* are actually applying the general pleading requirements in the medical malpractice context, even though they may articulate an elevated burden of pleading. Thus a case will never in fact arise where the general pleading requirements are met but a hypothetical higher burden of pleading is not. The higher burden is the general burden applied to the situation at bar. We thus address the pleading issue head on in order to end the confusion and guide plaintiffs in pleading medical malpractice actions.

In applying this principle to the case at bar, we find that plaintiffs' amended complaint failed to reasonably inform defendants of the nature of their claim. While plaintiffs alleged that defendants were negligent in "cutting into and through, or bruising or otherwise injuring unnecessarily the deltoid muscle of the left shoulder";[5] in failing to properly close the operative wound; in failing to advise of risks; in failing to take a proper history and properly diagnosing and in improperly performing the operation, plaintiffs failed to indicate what risks were involved and whether defendants improperly diagnosed the condition; whether there was an improper choice of treatment for a properly diagnosed ailment or whether there was an improper performance of a correctly chosen course of treatment. Plaintiffs also failed to inform defendants as to the type of malady or disease from which plaintiff Rafael Martinez suffered and failed to identify the type of surgery or the proper or accepted methods of diagnosis or treatment. Plaintiffs' complaint, as in *Simonelli, supra,* consisted of conclusions and general allegations of negligence which informed defendants of nothing more than an injury to the deltoid muscle.

Hence, we find that plaintiffs failed to plead "such specific averments as are necessary to reasonably inform defendant[s] of the nature of the cause [they] are called upon to defend, GCR 1963, 111.1(1), and that the trial court properly dismissed plaintiffs' action.

Affirmed.

[5] This allegation parallels the plaintiff's complaint in *Simonelli, supra,* which alleged that the defendant physican cut the carotid artery, but failed to specify how this act was negligent.