KEMP v HARPER-GRACE HOSPITAL

Docket No. 101406. Submitted April 5, 1989, at Detroit. Decided July 7, 1989.

Freeland P. Kemp, personal representative of the estate of Free-land C. Kemp, deceased, Rex Kemp, and Francis Felicia Kemp brought a medical malpractice action in Wayne Circuit Court relating to medical treatment rendered to the decedent by Harper-Grace Hospital, Cardiovascular Associates, P.C., Luis Osterberger, M.D., and Edmundo Sagastume, M.D. A jury returned a verdict of no cause of action as to all defendants and the court, Roland L. Olzark, J., entered a judgment consistent with the verdict. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not err in granting defendants' motion to preclude plaintiffs from introducing evidence on defendants' alleged failure to properly perform ·certain specific acts in the treatment of the decedent. The trial court correctly determined that these allegations were not pled in plaintiffs' complaint and that evidence thereof should be excluded because plaintiffs failed to give defendants reasonable notice that they would have to defend against these allegations.

2. The trial court did not abuse its discretion in refusing to allow plaintiffs to amend their complaint to conform it with the allegations described above. Plaintiffs failed to establish that the proffered amendments would not have been prejudicial to defendants.

Affirmed.

1. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — EVIDENCE.

A court presiding over a jury trial on a medical malpractice action does not err in precluding the plaintiff from presenting evidence of a specific act claimed to be malpractice where the complaint contained no allegations which would have given the

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers § 326; Pleading §§ 310, 329, 330.
See the Index to Annotations under Amendment of Pleadings; Malpractice by Medical or Health Professions; Pleadings.

defendant reasonable notice that he would have to defend against the specific claim.

2. PLEADING — AMENDMENT OF PLEADINGS — APPEAL.

A trial court's grant or refusal of permission to amend pleadings rests within the sound discretion of the court; on appeal, the Court of Appeals will not reverse the trial court's decision in the absence of an abuse of discretion.

*Jemal & Jemal* (by *Alexander J. Jemal, Jr.*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenny, P.C.* (by *Susan Healy Zitterman*), for Harper-Grace Hospital and Edmundo Sagastume, M.D.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for Cardiovascular Associates, P.C., and Luis Osterberger, M.D.

Before: DANHOF, C.J., and WAHLS and GRIFFIN, JJ.

PER CURIAM. A Wayne Circuit Court jury returned a verdict of no cause of action in favor of all defendants. Plaintiffs appeal as of right. We affirm.

Plaintiffs brought this medical malpractice action against defendants based on their treatment of Freeland C. Kemp. Plaintiffs' theory was that Kemp died as a result of the cumulative effect of numerous acts of malpractice by defendants. On appeal, plaintiffs claim that the lower court erred in excluding evidence of defendants' alleged malpractice with respect to defendants' failure to monitor the circulation and pulse in Kemp's right leg, failure to monitor and treat anemia, pulmonary problems and edema, failure to timely and properly treat the high fever associated with a lung infection, and failure to properly resuscitate Kemp.

In *Simonelli v Cassidy,* 336 Mich 635, 644; 59 NW2d 28 (1953), our Supreme Court stated:

"In an action for damages occasioned by the negligence or malpractice of a physician or surgeon, every fact necessary to constitute a cause of action must be alleged in the declaration, complaint, or petition, and, moreover, such facts must be alleged with reasonable definiteness and certainty, although it is not necessary to couch the declaration in the technical language of the medical profession. Thus, it is essential to allege, with reasonable definiteness and certainty, the duty of the physician or surgeon to the person injured, the breach of duty complained of, the causal relation between the breach of duty and the injuries complained of, and resulting damage. Irrelevant and immaterial allegations should be stricken on demurrer, such as allegations which do not state issuable facts, but mere conclusions.

"Where the breach of duty relied on is negligence in the treatment of the patient, it is not sufficient merely to state that certain acts not negligent in themselves were done or omitted by the physician or surgeon without alleging that they were negligently done or omitted." 70 CJS, p 985, § 61.

"When a declaration fails to advise the defendant with reasonable certainty, according to the circumstances of the case, of the facts upon which plaintiff proposes to rely, and will seek to prove it, it cannot be sustained." *Creen v Michigan Central R Co,* 168 Mich 104 [133 NW 956 (1911)].

Some panels of this Court have interpreted *Simonelli* to require that medical malpractice must be pled more specifically than other types of negligence. See *Lyons v Brodsky,* 137 Mich App 304, 307; 357 NW2d 679 (1984), lv den 421 Mich 857 (1985); *Welniak v Alcantara,* 100 Mich App 714, 716; 300 NW2d 323 (1980); *O'Toole v Fortino,* 97

Mich App 797, 803; 295 NW2d 867 (1980), lv den 410 Mich 863 (1980); *Serafin v Peoples Community Hosp Authority,* 67 Mich App 560, 565; 242 NW2d 438 (1976), lv den 397 Mich 880 (1976); *Bryson v Stone,* 33 Mich App 512, 518; 190 NW2d 336 (1971), lv den 385 Mich 774 (1971); *Haase v De-Pree,* 3 Mich App 337, 341; 142 NW2d 486 (1966).

However, in *Martinez v Redford Community Hosp,* 148 Mich App 221, 229; 384 NW2d 134 (1986), a panel of this Court found that *Simonelli* did not require pleadings in a medical malpractice cause of action to be more specifically pled than other negligence or malpractice actions. See also *Belobradich v Sarnsethsiri,* 131 Mich App 241, 247; 346 NW2d 83 (1983); *Hill v Freeman,* 117 Mich App 788, 791-792; 324 NW2d 504 (1982), lv den 417 Mich 1004 (1983). The *Martinez* Court stated:

> In "solving the *Simonelli* riddle" we find that there is no language in *Simonelli* justifying an important departure from the traditional rules of pleading and negligence. Instead, we find that the Court in *Simonelli* applied the general rules of pleading and negligence to the facts before it. Thus, it is the nature of the cause of action itself which will dictate the degree of specificity required, i.e., the more complex the action, the more specific the averments should be. The application of GCR 1963, 111.1(1) [now MCR 2.111(B)] to a medical malpractice lawsuit merely requires that a cause of action be specific enough to provide defendant with notice of the allegations against which to defend. [148 Mich App 233.]

Plaintiffs urge us to evaluate their pleadings under the standard set forth in *Martinez.* We find that even under that standard plaintiffs' pleadings were inadequate to reasonably inform defendants

of the nature of the claims they were called on to defend.

The lower court did not allow plaintiffs to introduce evidence on some of the alleged acts of malpractice which plaintiffs claimed had the cumulative effect of causing Kemp's death. Specifically, plaintiffs claim that the lower court erred in granting defendants' motion to preclude plaintiffs from introducing evidence on defendants' alleged failure to properly monitor and treat Kemp's blood calcium and protein levels, the alleged failure of hospital nurses to timely locate and utilize a Doppler to monitor the pulse in Kemp's right leg, the alleged failure of hospital nurses to timely locate and utilize a hypothermal blanket to treat Kemp's high fever, and defendants' alleged failure to make appropriate efforts to resuscitate Kemp on March 14, 1982.

These allegations are not in plaintiffs' complaint. On appeal, plaintiffs essentially argue that the allegations should be inferred based on their interpretation of their complaint and medical information which they have supplied to this Court. We reject this argument. The lower court did not err in excluding evidence of the above-described allegations because plaintiffs' complaint did not give defendants reasonable notice that they would have to defend against those allegations. *Martinez, supra,* p 234; *Hill, supra,* p 792; *Serafin, supra,* p 565.

Plaintiffs also claim that the lower court should have allowed them to amend their complaint to conform to the evidence uncovered during discovery and to the proofs offered at trial. This claim concerns the same evidence which was described above.

MCR 2.118(C)(2) provides:

> If evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings, amendment to conform to that proof shall not be allowed unless the party seeking to amend satisfies the court that the amendment and the admission of the evidence would not prejudice the objecting party in maintaining his or her action or defense on the merits. The court may grant an adjournment to enable the objecting party to meet the evidence.

The grant or refusal of permission to amend pleadings rests within the sound discretion of the trial court. *Michigan Mutual Liability Ins Co v Fruehauf Corp,* 63 Mich App 109, 113; 234 NW2d 424 (1975). On appeal, this Court will not reverse the trial court's decision to either allow or disallow an amendment to the pleadings unless the trial court abused its discretion. *Ball v Bender,* 64 Mich App 148, 151; 235 NW2d 90 (1975).

The lower court properly excluded evidence regarding allegations which plaintiffs' complaint did not reasonably inform defendants that they would have to defend against. The court did not abuse its discretion in not allowing plaintiffs to amend their pleadings to conform to this evidence. We are unpersuaded by plaintiffs' argument that defendants were not unfairly surprised or prejudiced by this evidence because it was uncovered during discovery and referred to during plaintiffs' opening statement and cross-examination of Dr. Osterberger. Having found no error, we also find no merit in plaintiffs' final claim that they were prejudiced by the lower court's actions.

Affirmed.