PORTER v HENRY FORD HOSPITAL

Docket No. 108100. Submitted May 10, 1989, at Detroit. Decided
    September 11, 1989. Leave to appeal applied for.

Leonard Porter and another brought a medical malpractice ac-
    tion against Henry Ford Hospital in the Wayne Circuit Court,
    alleging failure to take adequate steps to avoid or minimize the
    development of an infectious process, failure to take adequate
    steps to avoid or minimize the development of osteomyelitis
    and failure to recognize signs and symptoms of an infectious
    process. The court, Louis F. Simmons, Jr., J., granted summary
    disposition to defendant, holding that the complaint did not
    comply with the specificity requirements for malpractice plead-
    ings and that plaintiffs had no expert witnesses to testify to the
    standard of care. Plaintiffs appealed.

    The Court of Appeals *held:*

    1. A plaintiff in a medical malpractice action does not bear a
    burden of pleading which is greater than that of a plaintiff in
    any other negligence action. The court rule requiring pleadings
    to be specific merely requires that a medical malpractice cause
    of action be specific enough to provide a defendant with notice
    of the allegations against which to defend. It is the nature of
    the cause of action itself which will dictate the degree of
    specificity required, i.e., the more complex the action, the more
    specific the averments should be. The allegations were concrete
    enough to enable defendant to prepare its defense, and the
    court erred in dismissing the complaint for failure to state a
    claim.

    2. The court erred in dismissing plaintiffs' complaint for
    failure to designate an expert witness. A plaintiff in a medical
    malpractice action may establish the applicable standard of
    care through his own witnesses or through defendant's wit-
    nesses by cross-examination.

    Reversed.

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 38, 40: Physicians, Surgeons,
    Other Healers §§ 327, 329, 345, 351.
See the Index to Annotations under Hospitals; Malpractice by
    Medical or Other Health Professions; Witnesses.

1. PLEADING — MEDICAL MALPRACTICE — SPECIFICITY OF PLEADINGS.

    A plaintiff in a medical malpractice action does not bear a burden of pleading which is greater than that of a plaintiff in any other negligence action; the court rule requiring pleadings to be specific merely requires that a medical malpractice cause of action be specific enough to provide a defendant with notice of the allegations against which to defend; it is the nature of the cause of action itself which will dictate the degree of specificity required, i.e., the more complex the action, the more specific the averments should be (MCR 2.111[B][1]).

2. WITNESSES — STANDARD OF CARE — MEDICAL MALPRACTICE.

    A plaintiff in a medical malpractice action may establish the applicable standard of care through his own witnesses or through defendant's witnesses by cross-examination.

*Robert A. Tyler, P.C.* (by *Robert A. Tyler*), for appellant.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman*), for appellee.

Before: CYNAR, P.J., and BRENNAN and MARILYN KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right the circuit court's order granting summary disposition against them on their medical malpractice claim. The trial court's decision was based on a failure to plead medical malpractice with the required specificity and plaintiffs' failure to present expert testimony on the standard of care.

In April, 1983, plaintiff Leonard Porter underwent open heart surgery at the defendant Henry Ford Hospital. Following surgery, Porter developed an infection which required approximately twenty-seven months to bring under control with treatment at the University of Michigan Hospital.

On April 10, 1985, plaintiffs filed a medical malpractice action. The complaint stated that Porter did not receive appropriate care after demon-

strating signs of an infection. Plaintiffs alleged the following acts were a breach of duties owed to him: (1) failing to take adequate steps to avoid or minimize the development of an infectious process; (2) failing to take adequate steps to avoid or minimize the development of osteomyelitis; and (3) failing to recognize signs and symptoms of an infectious process.

On March 16, 1988, the scheduled trial date, defendant moved for summary disposition. It contended that plaintiffs' complaint did not comply with the specificity requirements for medical malpractice pleadings. It also argued that the complaint should be dismissed because plaintiffs had no expert witnesses to testify to the standard of care. The court dismissed the complaint on both grounds.

On appeal, plaintiffs first argue that the trial court erred in holding they failed to state a cause of action. They contend the complaint was specific enough to put defendant on notice as to the nature of the claim.

In reviewing a grant of summary disposition under MCR 2.116(C)(8), we are obligated to accept as true all well-pled facts. We then determine whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Monusko v Postle,* 175 Mich App 269, 273; 437 NW2d 367 (1989). The complaint must contain allegations that are specific enough reasonably to inform the defendant of the nature of the claim against which he must defend. MCR 2.111(B)(1).

Defendant, relying on *Simonelli v Cassidy,* 336 Mich 635; 59 NW2d 28 (1953), asserts that a plaintiff in a medical malpractice action bears a higher burden of pleading, including more specific

allegations. We recognize that some panels of this Court have interpreted *Simonelli* as imposing an elevated burden of pleading on a malpractice plaintiff. See *Welniak v Alcantara,* 100 Mich App 714; 300 NW2d 323 (1980), *O'Toole v Fortino,* 97 Mich App 797; 295 NW2d 867 (1980), lv den 410 Mich 863 (1980), and *Bryson v Stone,* 33 Mich App 512; 190 NW2d 336 (1971).

However we believe the panel in *Martinez v Redford Community Hospital,* 148 Mich App 221; 384 NW2d 134 (1986), made the correct interpretation of *Simonelli.* It held that the degree of specificity required in setting forth a medical malpractice action flows from the circumstances and nature of the case, rather than from any objective heavier burden of pleading. *Martinez,* 223. The Court reasoned:

> Many medical malpractice actions involve a complex and technical factual basis which is outside the knowledge of the ordinary layperson. In considering the averments provided in a complaint "the court must be able to draw but one inference from the facts, as stated, and not from the pleader's inferences." Thus where the facts which form the basis of the action are outside the common knowledge of the ordinary layperson, a greater degree of specificity in the complaint will be required so as to lead the court to only one inference. This generalization is not a hard and fast rule peculiar to medical malpractice actions but, rather, the simple application of GCR 1963, 111.1(1) [MCR 2.111(B)(1)] to any factually complicated lawsuit. [Citation omitted. *Martinez,* 230.]

Where the factual basis of the alleged malpractice is within the knowledge of the ordinary layperson, the cause may be pled with less specificity than a more complicated, technical malpractice claim. The crucial question is whether the com-

plaint is specific enough to provide the defendant with notice of the allegations against which he must defend. *Martinez*, 233.

After reviewing plaintiff's complaint, we conclude that the allegations were concrete enough to enable defendant to prepare its defense. We note that additional specifics, such as leaving a felt pledget inside Porter, were discovered after the lawsuit was filed. Plaintiffs would not be barred from relying on these facts simply because they were discovered after the suit began. One purpose of discovery is to enable plaintiff to substantiate and specify his case. Defendant had the ability to learn which facts were uncovered after filing. If there was any doubt, a motion for a more definite statement or interrogatories would insure that the defendant was fully informed. We do not find that plaintiffs' claim is clearly unenforceable. The trial court erred in dismissing the complaint for failure to state a claim.

We also conclude that the court erred in dismissing the claim by reason of plaintiffs' failure to designate an expert witness. A plaintiff in a medical malpractice case is required to use expert testimony to establish the standard of professional care. *Francisco v Parchment Medical Clinic, PC,* 407 Mich 325; 285 NW2d 39 (1979). However, it is not mandatory that he use his own expert to do so. He may establish the standard through defense witnesses. MCL 600.2161; MSA 27A.2161, *Niemi v Upper Penninsula Orthopedic Associates, Ltd,* 173 Mich App 326, 331; 433 NW2d 363 (1988).

Plaintiffs informed defendant and the trial court that they intended to establish the standard of care through defendant's expert witnesses. Defense counsel responded that its experts would testify there was no deviation from the standard. The

court need not feel bound by such representations of counsel. The issue of a breach of standard of care is within the province of the factfinder, not the trial court on summary disposition and certainly not defense counsel. *Niemi,* 331. The trial court erred in dismissing plaintiffs' claim because of a failure to designate expert witnesses.

Reversed. We do not retain jurisdiction.